## MAMIE BANKS V. T. C. COLLINS.

No. A-4052. Decided April 15, 1953.
(257 S. W. 2d Series 97)

*Harkness & Friedman, Bunyan L. Hutchinson* and *Jim Lindsey,* all of Texaskana, for appellants.

*Atchley & Vance,* of Texarkana, for appellees.

MR. JUSTICE SMITH delivered the opinion of the Court.

The certificate from the Court of Civil Appeals for the Sixth Supreme Judicial District states the nature of the cause and the questions to be answered.

"This record involves the action of the trial court which sus-

tained the plea of privilege of appellee T. C. Collins to be sued in Morris County, Texas, the county of his residence. This court reversed this action of the trial court on the motion for rehearing and rendered judgment that the plea of privilege urged by defendant be overruled and held that venue be lodged in Bowie County, Texas, where the active trespass occurred. Within the fifteen day period after appellee's motion was overruled, he has filed a motion to certify certain questions to the Supreme Court. Appellee asserts we are in conflict with the holdings of the Supreme Court and those of other courts of civil appeals. We deem it advisable to submit the issues of law involved for clarification.

"Plaintiffs sought to maintain venue in Bowie County, Texas, by virtue of Section 9 of Article 1995, R. C. S. of Texas."

"* * * In our final disposition of the appeal on motion for rehearing, we followed the rule restated in Farley v. Nix, 199 S. W. 2d 670, namely, 'At most, it (evidence) was only necessary to show a probable recovery.' 'Whether or not plaintiff had made out a prima facie case was a question of law, to be determined upon the assumption that plaintiff's evidence was true, and the inferences most favorable to plaintiff, which his evidence would reasonably bear, must be indulged.' This same rule is recognized in Traylor v. Brentzel, 218 S. W. 2d 261; Straus-Bodenheimer Co. v. Marshall, 91 S. W. 2d 865; Jarvis-Tull & Co. v. Williams, 114 S. W. 2d 1218; Martin v. Cable, 140 S. W. 2d 894.

"Appellee contends that the application of above rule is in conflict with the holding in Cisneros v. Thompson, 189 S. W. 2d 67; McClesky v. Smades et al., 245 S. W. 2d 269; and Compton v. Elliott, 126 Texas 232, 88 S. W. 2d 91, which hold in effect as stated in Cisneros v. Thompson, supra, 'If the evidence would not justify the giving of a peremptory instruction that Thompson was negligent upon a trial of the merits, then such evidence upon a plea of privilege hearing would not authorize the court to set aside the trial court's implied finding that Thompson was not negligent, and find that he was negligent as a matter of law.'

## "QUESTION NO. 1

"On a trial upon a plea of privilege, in determining the sufficiency of the evidence to support the trial court's judgment, should all adverse evidence be discarded and credit given to all

evidence that is favorable to the successful party, and every reasonable conclusion that is favorable to him be indulged?

## "QUESTION NO. 2

"Upon a trial of the merits, if the evidence would not justify. the giving of a peremptory instruction that the defendant was negligent, but would be sufficient to support a jury finding of negligence, then would such evidence upon a plea of privilege hearing authorize the court of Civil Appeals to set aside the trial court's implied finding that the defendant was not negligent?

## "QUESTION NO. 3

"The plaintiff, having made at least a prima facie showing that the defendant committed the trespass against the deceased in Bowie County, should this court have disregarded the evidence favorable to the defendant and reversed the judgment of the trial court?"

The venue of this cause was challenged by the appellee, who had been sued in a county other than his residence. The filing of the plea of privilege placed the burden on the appellant to plead and prove that the case is within one of the exceptions; in this instance, exception 9 to the general statute, Article 1995, Revised Civil Statutes.

Appellant filed her controverting affidavit, and the issue thus joined was submitted to the court without the intervention of a jury. The trial court heard the evidence and at the conclusion of the testimony sustained the plea of privilege filed by appellee, and ordered the cause transferred to Morris County, Texas, the county of his residence.

The trial court, having sustained the plea of privilege, the question arises as to whether the evidence was sufficient to sustain its implied finding of fact that a trespass was not committed by appellee in the county of suit.

The questions submitted indicate that the Court of Civil Appeals must have concluded that the evidence was conflicting and was sufficient to support the trial court's implied finding of fact in favor of appellee. The Court of Civil Appeals did not reverse and render judgment in this cause on the ground that there was no evidence supporting the implied finding in favor

of appellee. Appellants based their appeal on points of error presenting the theory that there was no evidence in the record supporting the implied finding that appellee did not commit a trespass in Bowie County, Texas. It is clear that the court based its decision upon the theory that, even though there was sufficient evidence to sustain the trial court's judgment and implied finding of fact, this evidence should be disregarded, inasmuch as appellants made out a prima facie case.

This theory we cannot sustain. The appellants contend that appellee offered no evidence on the trial of the plea of privilege; whereas, it is the contention of appellee that the evidence is conflicting and supports the implied finding of fact by the trial court in his favor. The record presents the question of no evidence rather than the question of the insufficiency of the evidence.

In any event the rules announced in Compton v. Elliott, 126 Texas 232, 88 S.W. 2d 91, 95, are controlling and should be followed by the Court of Civil Appeals. The test on appeal from an order sustaining or overruling a plea of privilege is the same as in any other civil case. If the record on appeal raises the question of the insufficiency of the evidence to support the judgment of the trial court, and the appellate court is of the opinion that the evidence is insufficient, the Court of Civil Appeals has the right to remand the cause rather than render judgment. Aetna Life Insurance Co. v. Gallagher, 127 Texas 553, 94 S.W. 2d 410.

If the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal. This court, in the case of Wininger v. Ft. Worth & D. C. Ry. Co., 105 Texas 56, 143 S.W. 1150, announced the correct rule when testing the probative force of the evidence when it said: "The Honorable Court of Civil Appeals had authority to reverse the judgment of the trial court on the preponderance of the evidence; but it could not render the judgment, if, discarding all adverse evidence, and giving credit to all evidence favorable to the plaintiff, and indulging every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff"—then it is to be concluded that there is evidence to support the verdict. See Compton v. Elliott, supra; Pennsylvania Fire Insurance Co. v. W. T. Waggoner Estate, 41 S.W. 2d 340;

affirmed, Com. App., 39 S.W. 2d 593; Four States Grocery Co. v. Gray, 97 S.W. 2d 355.

In the case of Compton v. Elliott, supra, the court stated:

"By the second question certified is presented appellant's contention that the plea of privilege should have been overruled, because on the hearing he discharged the burden of proof resting upon him, when he introduced evidence which prima facie proved all of the essential elements of the crime or offense of malicious prosecution and that the crime or offense was committed in the county where the suit was filed. His position is that, while he had the burden of proving the venue fact or facts, he was not required to prove them in the ordinary manner, but merely to introduce enough evidence to prove them prima facie, or to raise an issue, and that evidence offered by the defendant in contradiction of plaintiff's prima facie case should be disregarded.

"This contention we cannot sustain, although it is supported by decisions of some of the Courts of Civil Appeals. As has been shown, article 2007 is construed to have the effect of placing upon the plaintiff the burden of proving the facts relied upon by him to bring the case within the exception. The decisions of the Supreme Court, which have been cited above, announce this rule without qualification. In so doing, they carry the reasonable, if not the necessary, implication that plaintiff must prove the facts in the usual way, which means that the defendant is to be permitted by his evidence to dispute and contradict plaintiff's evidence."

Accordingly, we answer certified question 3 in the negative.

The application of the rule announced in Compton v. Elliott, supra, to the record here, compels us to answer certified question 1, yes. We answer this question "yes" for the reason hereinabove stated, that in a case wherein the contention is made as it has been here that there is no evidence supporting the implied finding of fact in favor of the successful party by the trial court, the Court of Civil Appeals is required to follow the rule, which, in effect, says: If discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding. However, were we to disregard the record and the contentions

of the parties below and base our answer solely upon the literal language of the question, our answer would be "no".

With regard to Question No. 2, we take it to inquire what is the duty of the Court of Civil Appeals in a plea of privilege case where the trial judge or jury has found the defendant to be free of negligence and where the evidence is such as, in a trial on the merits, to have raised a question of fact on the point and not to have so greatly preponderated in favor of the defendant that a finding of negligence would indicate bias or prejudice on the part of the fact finder. The question is incomplete because it leaves open another possibility. That possibility is that the evidence might preponderate so strongly in favor of the plaintiff on the issue that a finding for the defendant would indicate bias or prejudice. In the latter instance it would be the duty of the court to reverse the order of the trial court and remand the case for another hearing just as in a trial on the merits. A new trial may always be ordered by the Court of Civil Appeals where the verdict or findings in the trial court are against the great weight and preponderance of the evidence if the point has been properly raised. See the Wininger case, supra; also in re King's Estate, 150 Texas 662, 244 S.W. 2d 660. However, if the evidence should not so greatly preponderate in favor of the plaintiff as to indicate that the finding of no negligence was the product of bias, then the duty of the Court of Civil Appeals would be to affirm the judgment of the trial court sustaining the plea of privilege.

Opinion delivered April 15, 1953.