Pete MARTINEZ, Appellant,

v.

GENERAL BEVERAGE DISTRIBUTORS, Inc., et al., Appellees.

No. 3545.

Court of Civil Appeals of Texas.

Waco.

April 3, 1958.

Duckett & Duckett, Edna, Helm, Jones, McDermott & Pletcher, Shirley M. Helm, Mabel G. Howell, Houston, for appellant.

Lewright, Dyer & Redford, James W. Wray, Jr., Corpus Christi, for appellee.

McDONALD, Chief Justice.

This is a venue case. Parties will be referred to as in the Trial Court. Plaintiff Martinez brought this suit against defendants General Beverage Distributors, Inc. and Robert L. Handley for damages for personal injuries resulting from a collision of an automobile in which he was a passenger and General Beverage Distributors' truck which was being driven by Handley. The collision occurred in Jackson County, where suit was instituted. Defendant General Beverage Distributors, Inc., filed its plea of privilege alleging that it was a resident of Cameron County, and defendant Handley filed his plea of privilege alleging that his residence was Wil-

lacy County. Plaintiff filed his controverting affidavit on the ground that venue was properly in Jackson County under Sec. 9a, Article 1995, Vernon's Annotated Civil Statutes. Trial was before the court without a jury, which entered judgment sustaining the pleas of privilege of defendants.

Plaintiff appeals, contending:

1) The Trial Court erred in holding that plaintiff has not established by a preponderance of the evidence an exception to exclusive venue in the county of one's residence under Sec. 9a, Article 1995, V.A.C.S.

2) The Trial Court erred in sustaining the pleas of privilege because the implied finding of no negligence on the part of defendants is not supported by probative evidence.

3) The Trial Court erred in sustaining the pleas of privilege because the implied finding of no negligence on the part of defendants is against the great weight and preponderance of the evidence and insufficient.

The evidence is undisputed that the collision occurred in Jackson County and that defendant Handley was driving defendant General Beverage Distributors' truck within the scope of his employment. The only issue joined was whether defendants were guilty of negligence and whether such negligence, if any, was a proximate cause of plaintiff's injuries. Hence the only question for determination by this court is whether the Trial Court should be sustained in its holding that plaintiff did not establish by a preponderance of the evidence that defendants were negligent and/or that such negligence, if any, was not a proximate cause of the collision. As noted, plaintiff appeals contending that the Trial Court's judgment and implied findings against him are not supported by probative evidence, and alternatively, that such findings are against the great weight and preponderance of the evidence.

The plaintiff, in his petition, alleged some 10 specific acts of negligence on the part of defendants, and alleged further that they were proximate causes of plaintiff's injuries. Six witnesses (the plaintiff; the plaintiff's driver; defendant Handley; a driver in a truck being towed by defendant Handley; Long, a policeman who investigated the collision; and Svec, a disinterested eye-witness) testified in the case. The plaintiff and the plaintiff's driver testified to facts which sustained all or most of the plaintiff's allegations of negligence. The defendant Handley, the occupant of the towed vehicle, the policeman who investigated the collision, and Svec, the disinterested eye-witness, testified to facts which sustain the Trial Court's implied finding that plaintiff has failed to discharge his burden of proof that the defendants committed an act of negligence proximately causing plaintiff's injuries.

We are reviewing on appeal a judgment of a trial court sustaining defendants' pleas of privilege, and not trying the case upon first impression.

■ A hearing on a plea of privilege is tried in the ordinary way and the truth as to the facts in issue is ascertained by the introduction and weighing of evidence offered by both parties, and on appeal from a judgment sustaining or overruling a plea of privilege the power of the Court of Civil Appeals in reviewing the fact findings made by the Trial Court is the same as it is in any other appealed case. Compton v. Elliott, Tex.Com.App., 88 S.W.2d 91.

■ In cases tried without a jury the trier of facts is the judge of the credibility of the witnesses and the weight to be given their testimony, and must resolve all conflicts in the testimony in such way as its weight and the credibility of the witnesses justify. Where no fact findings are filed and none set out in the judgment, the appellate court will presume that the Trial Court resolved all issuable facts in such a way as to support the judgment entered.

If there is competent testimony to support a judgment on a plea of privilege, although the judgment does not recite such fact findings, the judgment will be sustained. See McElyea v. Cozby, Tex.Civ.App., 233 S.W. 2d 482.

■ If the evidence is conflicting and there exists in the record sufficient evidence of probative force to support the judgment of the Trial Court, then the judgment should not be disturbed on appeal. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

■ We have carefully weighed *all* of the evidence in the case at bar, and while recognizing that there exist conflicts, we cannot say that it is so against the great weight and preponderance of the evidence as to be manifestly unjust, or insufficient to support the Trial Court's implied findings and judgment. See Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

The judgment of the Trial Court is affirmed.