**Barbara Frances ANDREWS et al.,
Appellants,**

v.

**ESTATE of J. M. ANDREWS et al.,
Appellees.**

No. 3618.

Court of Civil Appeals of Texas.

Waco.

June 11, 1959.

Rehearing Denied July 16, 1959.

Odeneal & Odeneal, DeWitt Harry, Roger Lewis, Dallas, for appellants.

Griffith & Lumpkins, Waxahachie, for appellees.

McDONALD, Chief Justice.

This is a suit in which the plaintiffs, on a constructive trust theory, seek to recover an undivided $\frac{1}{10}$ interest in 1,128.67 acres of land (less 46 acres set aside to them in 1920), plus $\frac{1}{10}$ of the personal property inventoried in the Estate of J. M. Andrews, deceased. Plaintiffs are the daughters and widow of O. D. Andrews, deceased, who was a son of J. M. Andrews. Defendants are the Estate of J. M. Andrews, deceased; the other four children of J. M. Andrews; and the stepdaughter of J. M. Andrews.

A statement is necessary. J. M. Andrews married Susan Andrews in 1883. To this marriage where born five children: O. D. Andrews, now deceased, who was the father and husband of the plaintiffs herein; and Irene Coker, Willie Jones, Maggie Lindsley, and Eunice Pipkin, who are four of the defendants herein. During such marriage J. M. Andrews and wife Susan Andrews acquired some 256 acres of land. Susan Andrews died in 1897. In April 1899 J. M. Andrews purchased 49 additional acres of land. In October 1899, J. M. Andrews married Molly Brock, a widow, who had *201* acres of land, approximately $2,000 in money or notes, 3 teams, 2 horses, a number of cattle and pigs, 2 houses, and her furniture. Molly Brock also had a daughter by her first marriage, who is now Mrs. Joe Gulledge, and a defendant in this case. After the marriage of J. M. Andrews to Molly Brock, J. M. Andrews worked both his land and the Brock land. After the marriage of J. M. Andrews to Molly Brock the following land was purchased:

| | Grantee | Amount of Land | Consideration |
|---|---|---|---|
| 1902 | J. M. Andrews | 64 acres | $ 2,240 |
| 1904 | J. M. & Molly Andrews | 312 acres | 10,608 |
| 1908 | J. M. Andrews | 160 acres | 4,800 |
| 1911 | J. M. Andrews | 72.6 acres | 1,440 |
| 1916 | J. M. Andrews for life remainder to his 5 children | 80 acres | 2,800 |

There is evidence that one-half of the payment for the 312 acres above was made by Molly Andrews, and this is why the deed was made out to J. M. Andrews and Molly Andrews.

O. D. Andrews, son of J. M. Andrews, died in 1918 and was survived by his wife and two daughters, the plaintiffs herein.

In 1920 J. M. Andrews brought a partition suit against his four children and the wife and daughters of his deceased son, by the terms of which judgment the children of O. D. Andrews (plaintiffs herein) received their father's 1/10 interest in 343.45 acres, which included the land acquired by J. M. Andrews and Susan Andrews during the first marriage, the 49 acres acquired by J. M. Andrews after the death of Susan, and before he married Molly; and the 80 acres deeded to J. M. Andrews for life and remainder to his five children, acquired in 1916.

In 1932 Molly Andrews died, and in 1933 J. M. Andrews and Mrs. Joe Gulledge (daughter of Molly by her first husband) entered into a partition agreement whereby Mrs. Gulledge received the 201 acres her mother had prior to her marriage to J. M. Andrews, and 1/2 of the lands acquired during the marriage of J. M. Andrews and Molly Brock Andrews (less the 80 acres). J. M. Andrews received the remaining 1/2 of the lands acquired during said marriage, which we will refer to as approximately 666 acres.

In 1934 a second partition suit was had between J. M. Andrews and the parties to the 1920 partition which re-partitioned the same land in the same manner. The 1934 suit was a confirmatory action brought by reason of the loss of the 1920 original partition decree. J. M. Andrews purchased 57.4 additional acres of land in 1937. In 1952 J. M. Andrews died. He left a will by the terms of which plaintiffs herein (children of O. D. Andrews, deceased) received $500 each, and the balance of his property was distributed between the four surviving daughters. His estate generally consisted of the same 554 acres of land (what he had after the partition in 1933 with Mrs. Gulledge, plus 57.4 acres he bought in 1937) and personal property and cash approximating $24,000.

Plaintiffs' contention is that J. M. Andrews retained possession of the 256 acres community land (and the 49 acres acquired between the death of Susan and the marriage to Molly) from 1897 (and 1899) until the 1920 partition, and that since one-half of the net income from the land is claimed to have belonged to the five children, that such income was commingled with other moneys of J. M. Andrews; and that all purchases made by J. M. Andrews were made by him as trustee with money belong-

ing partially to the children and partially to J. M. Andrews. Plaintiffs' contention is that the commingling of this income taints the entire commingled fund and that J. M. Andrews held the children's one-half interest in trust for them until the time of his death.

Trial was to a jury, but all parties agreed to dismiss the jury and leave all matters for determination by the court. The Trial Court entered judgment that the plaintiffs take nothing, and found, among other things, that: 1) No money or property belonging to plaintiffs or their predecessor in title was commingled by J. M. Andrews with his other money and property; 2) no money or property belonging to plaintiffs or their predecessor in title was used by J. M. Andrews for the purchase of any part of the property sought in plaintiffs' petition; 3) plaintiff's predecessor in title O. D. Andrews and plaintiffs received from J. M. Andrews more money and property than O. D. Andrews was legally entitled to by reason of his inheritance from his mother, Susan Andrews; 4) plaintiffs' claims are all barred by limitation.

Plaintiffs appeal on 7 points which contend that the evidence is undisputed that the land purchased after 1899 and before 1920 was purchased partially with moneys which accrued from the land purchased during the marriage of J. M. Andrews and Susan Andrews; that one-half of such moneys was the property of the children of J. M. and Susan Andrews by virtue of inheritance from Susan Andrews; that J. M. Andrews commingled the children's money with his other money to make such purchases; and he holds title to one-half of such as trustee for his children. Plaintiffs contend that the case of Spencer v. Pettit, Tex.Civ.App., 268 S.W. 779; Tex.Com. App., 2 S.W.2d 422; Tex.Civ.App., 17 S. W.2d 1102; Tex.Com.App., 34 S.W.2d 798, 799, is determinative of this cause in their favor.

■ As we view the voluminous record before us in a light most favorable in sup-

port of the judgment entered, as we are required to do, these are the essential facts before us:

J. M. Andrews married Susan Andrews in 1883. Susan Andrews died in 1897. They acquired some 256 acres of land and had five children during their marriage. In 1899 J. M. Andrews married Molly Andrews. Molly had 201 acres which adjoined the Andrews land, as well as other assets worth several thousand dollars. Molly Andrews' 201 acres was better than the land of J. M. Andrews. The combined family continued to live on the land of J. M. Andrews, and J. M. Andrews worked both places. From 1902 to 1916 J. M. Andrews and Molly Andrews purchased some 666 additional acres of land. In 1920 J. M. Andrews partitioned with his children the land purchased during his marriage with Susan Andrews, together with the 49 acres purchased after her death but before his remarriage, and the 80 acres purchased in 1916 (which was deeded to J. M Andrews for life and remainder to his five children). The record further affirmatively shows that Molly Andrews paid one-half of the purchase price of the 312 acres purchased in 1904. Plaintiffs contend that since the record reflects that J. M. Andrews made money only from farming, that some of the money involved in these purchases had to come from the land in which their father had an interest through his mother Susan Andrews, which moneys J. M. Andrews commingled with other moneys to purchase the lands. Plaintiffs assert a constructive trust based on the foregoing contention.

■ Since plaintiffs claim that the findings of the Trial Court are against the undisputed evidence, and no contention is made that the findings are against the great weight and preponderance of the evidence, the judgment of the Trial Court must be sustained if there is evidence of probative force to support it. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972; see also In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

■ We think the record sufficient to sustain the finding of the Trial Court that no money or property belonging to plaintiffs or their predecessor in title was commingled by J. M. Andrews with his other property, or used for the purchase of any part of the property sought in plaintiffs' suit. J. M. Andrews was entitled to 200 acres as homestead for himself and family. He used his property as a homestead. The record is sufficient to sustain a finding that a great portion of the land purchased during the marriage of J. M. Andrews and Susan Andrews was in timber, swamp and not tillable; and that something less than 200 acres was tillable. (Income must come principally from the tillable portion.) The 200 acres Molly Brock brought into the second marriage was better land than the land of the first marriage and Molly had several thousand dollars in money and property besides. Plaintiffs make no showing as to the *source* of any of the moneys used to purchase the land bought during the second marriage, other than the general showing that J. M. Andrews made money only by his farming activities. The record is silent as to what income J. M. Andrews had from any specific source, or what income was used or partially used in any of the land purchases made.

Should we conclude, however, that a commingling was shown (and that commingled funds were used in the purchase of the lands) such commingling was not shown under this record to have been a wrongful commingling. In such situation the plaintiffs have the burden of tracing such funds as are contended to have been commingled into the property, and of showing the proportionate amount thereof used in purchasing such assets. In the instant case the plaintiffs wholly failed to discharge such burden, and the Trial Court was correct in denying plaintiffs recovery. Logan v. Logan, 138 Tex. 40, 156 S.W.2d 507; Sims v. Falvey, Tex.Civ.App., N.R.E., 234 S.W.2d 465, N.R.E. The Logan case, supra [138 Tex. 40, 156 S.W.2d 510], expresses the rule thusly:

" * * * if the commingling is done rightfully * * * no presumption is raised that the entire fund or property purchased therewith, is subject to the trust; and consequently the burden remains on the plaintiff to trace the trust funds into the specific property and to show the amount thereof as one of the essential elements of his case."

See also: Blumenthal v. Nussbaum, Tex. Civ.App., 195 S.W. 275, affirmed, Tex.Com. App., 221 S.W. 944; and Brooks v. Cherry, Tex.Civ.App., 298 S.W. 170, er. dism'd.

■ The record reflects that J. M. Andrews was very generous with all his children, including the husband and father of plaintiffs, for whom he bought a car, assisted him to buy a farm and home, and to whom he gave and advanced substantial sums of money. In the partition of 1920 J. M. Andrews partitioned with his children not only the land purchased during the lifetime of their mother, but he included 49 acres bought after her death but before his remarriage, and 80 acres which he bought in 1916. The 80 acres was deeded to J. M. Andrews for life and remainder to his five children. The foregoing evidence supports and is ample to sustain both the Trial Court's finding that no money in which plaintiffs had any interest was ever commingled with other funds, and the finding that no money in which plaintiffs or their predecessor in title was interested was ever used to purchase any of the property sought in plaintiffs' petition. Moreover, such evidence supports and is ample to sustain, we think, our conclusion herein, that if a commingling did take place, that such commingling was not a wrongful commingling.

■ The Trial Court further found that the plaintiffs' claim against all of the defendants is barred by limitation. In 1933 J. M. Andrews partitioned the land purchased during the second marriage, with Mrs. Joe Gulledge. Mrs. Gulledge went into possession of the land received by her and J. M. Andrews continued in possession

of the land received by him, both dealing with the land received by each as their own. All of the parties as well as the land involved were in the small Ellis County community of Bristol. The record reflects that considerable discussion was had at the time of the foregoing partition and that all concerned knew what was taking place. We think the record ample to sustain the Trial Court's finding that the plaintiffs' claims are barred by limitation.

All of plaintiffs' points and the contentions thereunder made have been carefully considered and are overruled.

The judgment of the Trial Court is affirmed.