**SPECIALIZED CARRIERS, INC., et al.,
Appellants,**

v.

**Blas GARCIA, Appellee.**

**No. 16645.**

Court of Civil Appeals of Texas.

Fort Worth.

May 28, 1965.

Rehearing Denied June 18, 1965.

Nelson & Sherrod, Wichita Falls, and Leachman, Gardere, Akin, Porter & DeHay and Fred T. Porter, Dallas, for appellants.

Johnson & Browning, Wichita Falls, and Crumley & Hooper, and R. E. Rouer, Fort Worth, for appellee.

MASSEY, Chief Justice.

Defendants appealed from an order overruling their pleas of privilege. Plaintiff relied upon subdivision 9a of Vernon's Ann. Tex.Civ.St., Art. 1995, to support maintenance of his cause of action in the county where he brought suit. Theory thereof was that the defendant T. E. Choate, while acting within the scope and course of his employment by the defendant Specialized Carriers, Inc., was guilty of acts and omissions amounting to negligence and that such constituted proximate cause(s) of the injuries of Blas Garcia, the plaintiff.

Judgment affirmed.

■ Our duty is to examine the record, in light of the points of error presented by the defendants, in the determination of the sufficiency of the evidence to support the trial court's judgment overruling the pleas of privilege. If discarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of the facts might have found in his favor, then it is to be concluded that there is evidence to support the finding. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 100 (1953).

■ We find that there was evidence introduced before the trial court entitling it to find that defendant Choate's acts, and/or omissions, which caused or resulted

in the injuries of plaintiff, occurred pursuant to Choate's performance of services which were rendered in furtherance of the interest of his employer Specialized Carriers, Inc.; and that there was evidence which entitled the trial court to find that those certain acts and/or omissions on Choate's part, alleged to constitute negligence, did in fact proximately cause plaintiff's injuries.

Specialized Carrier's, Inc., had a contract whereby it agreed to transport heavy cement pipe to the "job site" where the operations of the employer of plaintiff were being conducted. Said employer had contracted with other persons to install a pipeline in a trench to be dug along a certain "right-of-way". The trench had not been dug. It was desired to have the concrete pipe "strung out" along the ascertained location thereof in order to facilitate the installation contract. It was understood between Specialized Carrier's, Inc., and plaintiff's employer that the agreed delivery to the "job site" meant that the former's trucks would be moved along the "right-of-way" in a manner which required them to be stopped at frequent intervals. Plaintiff's employer would give the signal to each driver to instruct him to stop when his truck was properly "spotted". At each stop, or "spotting", the plaintiff's employer would perform the obligation of unloading one or several joints of pipe; then the truck driver for Specialized Carriers, Inc., Choate in the present instance, would move the truck forward and "spot it" again for another unloading operation by the contractor.

One of such contractor's employees was the plaintiff. He and another employee of the same contractor were given the duty of "skidding" or rolling each joint of pipe unloaded over the side of the bed of the trailer in order that a "fork-lift" machine, operated by still another employee of the contractor, could lower the joint to the ground. Each joint of pipe was about thirteen (13) feet in length, having an interior diameter of sixteen (16) inches. It was very heavy pipe.

On the day of plaintiff's injury, he and his co-employee on top of the pipe had already participated in many unloading operations. After completing one of such it appeared necessary that the truck be moved forward to be "spotted" for the next unloading operation. This the defendant, Choate, proceeded to perform, i. e., he started the truck and drove forward at a very slow speed—in the process of reaching the next point at which unloading operations would take place. The plaintiff did not get off the truck. He stood on top of a joint, or joints, of pipe on the bed of the trailer while the truck was being driven forward. As Choate so drove the truck, with plaintiff so situated, he started across an area of ground which was in such condition that the left wheels of the tractor (of the truck and trailer) went upon a higher elevation than those on the right. This tilted the trailer, and threw the weight of the joints of pipe toward the right side of the trailer bed. This, in turn, resulted in the breaking of certain metal bands which were intended to aid in securing the pipe in place on the trailer bed,—and the joints of pipe, or some of them, rolled off their platform and onto the ground. Plaintiff fell to the ground on the right side of the trailer with the joints of pipe. He sustained very serious injuries.

The evidence having reference to the nature, size and method of fastening of the metal bands aforementioned, indicated that they were not intended to constitute adequate anchorage of the joints of pipe on the platforms provided as support for any movement of the truck such as that effected by Choate's operation. Additional bands of greater size and strength, fastened by a more secure method, had been removed by Choate before unloading began. Furthermore, the chain "boomers" had been removed. These are normally used to provide secure anchorage for the pipe during high-

way travel or when necessity therefor is otherwise indicated.

We have no doubt but that a fact issue was raised relative to Choate's negligence in operating the truck as he did, where he did, and how he did, especially when he knew or should have known that the plaintiff was riding on pipe that was not securely anchored. That the plaintiff's injuries proximately resulted is not to be doubted. The findings of fact by the trial court against both defendants were adequately supported by the evidence if Choate was acting within the scope and course of his employment by Specialized Carriers, Inc.

Thereon the defendants found their principal contention. Their theory is that Choate was a "loaned employee" or "special employee" of the plaintiff's own employer and that they were therefore fellow employees. Ability to successfully maintain such theory would foreclose the imposition of common law liability by the plaintiff and he would be restricted to a recovery of benefits provided by the Texas Workmen's Compensation Law.

It must at least be said that a fact issue existed as to whether or not the plaintiff was Choate's fellow employee. As a fact issue the evidence adequately supported the finding by the trial court against the contention. In the "spotting" operation pursuant to which the plaintiff sustained his injury Choate had not placed himself under the control of the plaintiff's employer; certainly not as a matter of law. Neither had Choate's employer placed him under such other employer; at least as a matter of law. Although directed in the "spotting" operations Choate's obedience to such directions could be factually found to constitute cooperation rather than subordination. That he permitted himself to be thereby controlled would not mean, as a matter of law, that he submitted himself to the control of a new master. The principles of law discussed in Hilgenberg v. Elam, 145 Tex. 437, 198 S.W.2d 94 (1947), have no necessary application. The same is true of Rector v. Walden, Fulton & Payne, 276 S.W.2d 933 (Amarillo Civ.App., 1954, writ ref., n. r. e.).

Judgment is affirmed.