**Johnny BRADY, Appellant,**

v.

**Jimmie BOUNDS, Appellee.**

**No. 4924.**

Court of Civil Appeals of Texas, Waco.

Aug. 6, 1970.

Rehearing Denied Sept. 3, 1970.

See also, Tex.Civ.App., 447 S.W.2d 953.

Roy Simmons, Mexia, for appellant.

Joe Cannon, Groesbeck, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Brady from a judgment enforcing a contract dissolving partnership between defendant and plaintiff, enjoining defendant from competing with plaintiff in the vending machine business, and awarding plaintiff $2200. damages for defendant's operation in violation of the contract.

Plaintiff Bounds sued defendant Brady alleging plaintiff and defendant executed a

written contract dissolving their partnership in the vending machine business; that defendant agreed in writing to sell plaintiff all his interest in the business, including stock of cigarettes and vending machines for $10,500.; agreed not to compete for 5 years with plaintiff in Limestone and Freestone Counties; that plaintiff had performed, but that defendant refused to surrender certain of the vending machines and was competing with plaintiff in violation of the contract. Plaintiff plead for order of delivery of the partnership property; damages, and injunction restraining defendant from competing.

Defendant answered by general denial, and counterclaim, asserting plaintiff fraudulently induced defendant to execute the contract by agreeing to pay defendant $5-540.22 if he would sign the contract; that plaintiff refused to pay the $5540.22, but tendered him $1500. instead.

Trial was before the court without a jury, which after hearing, entered judgment finding: the contract binding and legal; and that plaintiff had complied, but that defendant had not complied. The trial court rendered judgment enforcing the contract; restraining defendant from competing with plaintiff; and awarded plaintiff $2200. damages for defendant's violation of the contract.

Defendant appeals on 3 points, asserting:

1) The trial court erred in placing the burden of proof on defendant to show fraud and awarding judgment to plaintiff enforcing the written contract without taking into consideration the oral modification of the contract, and the confidential relationship between the parties for the reason that it is so contrary to the great weight and preponderance of the evidence as well as the law as to be manifestly wrong and unjust.

2) The trial court erred in granting permanent injunction enjoining defendant from engaging in the vending machine business in Limestone and Freestone counties, in that plaintiff failed to pay defend-ant the total purchase price as agreed between themselves prior to execution of the written contract.

3) The trial court erred in not giving sufficient weight to the uncontroverted evidence that defendant sought to place the parties in their original position immediately upon learning that plaintiff would not pay the agreed price for the partnership.

The trial court filed Findings of Fact and Conclusions of Law, pertinent of which are summarized as follows:

### FINDINGS OF FACT

1) Plaintiff and defendant entered into a written contract dissolving a partnership.

2) The total consideration for the contract was $10,500., which price included cigarettes to the value of $4000. Debts owed by the partnership were to be deducted from the purchase price, and the court finds debts owed by the partnership were $6080. The contract further provides defendant would not engage in vending machine business in Limestone or Freestone counties, and that a breach of this covenant not to compete would result in damages to plaintiff.

3) On May 30, 1969 plaintiff paid defendant $4420. cash and assumed the partnership debt of $6080. Plaintiff further tendered defendant $1500. for additional cigarettes defendant had which were not included in the written contract, and the cost of procuring and placing them in machines.

4) The court heretofore entered temporary injunction restraining defendant from competing, which order was affirmed by the Court of Civil Appeals.

5) Defendant has not delivered to plaintiff the partnership property consisting of 74 machines, a truck and a $4000. cigarette inventory.

6) Defendant has continued to operate vending machines in violation of the writ-

ten contract to plaintiff's damage in the sum of $2200.

7) The evidence does not reflect that defendant was induced to execute the written contract because of alleged fraudulent acts of plaintiff.

## CONCLUSIONS OF LAW

1) The written contract between plaintiff and defendant is a valid and binding contract.

2) The contract was not invalidated because of fraud.

3) The consideration for the contract was paid in full by plaintiff, $4000. of which was for cigarettes. Neither the cigarettes nor $4000. has been tendered by defendant to plaintiff, and he is entitled to $4000. damages.

4) $2200. damages caused by defendant competing with plaintiff in violation of the written contract is supported by the evidence.

5) An injunction is proper.

6) The court acted within its authority in ordering defendant to deliver property of the former partnership to plaintiff.

Plaintiff and defendant executed a written contract dissolving their partnership in the coin operated cigarette vending machine business. Such contract provided plaintiff would take the assets of the partnership and pay defendant $10,500. (such assets included approximately $4000. worth of cigarettes, to be paid for on basis of actual inventory); and that "any indebtedness of the partnership would be deducted from the amount of purchase price." The contract further provided defendant would not engage in the vending machine business in Limestone or Freestone counties for 5 years.

The contract was prepared by plaintiff's attorney and had not been seen by defendant. Defendant went into the bank on May 27, 1969 to sign the contract but refused to sign it. He thereafter signed the contract on May 30, 1969.

Defendant testified plaintiff agreed to give him $5500.45 if he would sign the contract; that he signed the contract believing plaintiff would pay him the $5500.45; that after signing the contract plaintiff tendered him a check for $1500.45 which he refused, and that he thereafter sought to place the parties in their original position before execution of the contract, but that plaintiff refused to agree to same. Plaintiff testified he made no such agreement; that the $1500.45 tendered was for additional cigarette inventory plus payment to defendant for picking up the cigarettes and placing them in the machines.

■ Defendant's contentions 1 and 2 are predicated on the proposition that plaintiff promised to pay defendant $5500.45 to sign the contract. The trial court heard the testimony of the witnesses and believed the plaintiff's version of the case. The trial court found that defendant was not induced by fraudulent acts of plaintiff to execute the contract. Although the evidence is conflicting, we think there is sufficient evidence to support the trial court's finding, and that the finding of the trial court is not againsnt the great weight and preponderance of the evidence. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. All other findings are without dispute.

■ Defendant sought to rescind the contract and place the parties in the positions occupied before the making of the contract. Plaintiff would not agree to this. Parties who sign and thusly enter into a written contract are bound by its provisions. The contract was made and cannot be unilaterally rescinded by one of the parties. Pyle v. Eastern Seed Co., 145 Tex. 385, 198 S.W.2d 562; Wichita Engn. Co. v. Heyne Mach. Co., Tex.Civ.App., (n. w. h), 200 S.W.2d 685.

All of defendant's points are overruled.

Affirmed.