James H. PARKER, Appellant,

v.

Vincent HECHLER et al., Appellees.

No. 536.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Nov. 3, 1971.

Rehearing Denied Dec. 1, 1971.

Paul W. Nimmons, Jr., Harmon Parrott, Sewell, Junell & Riggs, Houston, Wiley Thomas, Angleton, for appellant.

Larry F. York, Baker & Botts, Houston, Leland B. Kee, Davis & Kee, Angleton, for appellees.

BARRON, Justice.

This is a venue case. Appellees, plaintiffs in the trial court, were owners of large quantities of rice valued at approximately $285,000.00 being stored in driers on October 28, 1967 and located immediately to the east of the Missouri Pacific tracks at Danbury, Brazoria County, Texas. This rice was destroyed when 29 cars of a train operated by the Missouri Pacific derailed, collided and resulted in a fire which destroyed the rice.

Appellees brought suit in Brazoria County, Texas against Missouri Pacific Railroad Company and appellant, James H. Parker, the engineer of the derailed train, alleging that both defendants were negligent, and that such negligence proximately caused their damages.

Appellant, Parker, filed a plea of privilege, asserting a right to be sued in Harris County, Texas, his county of residence. Appellees filed a controverting affidavit asserting that venue was proper in Brazoria County as to appellant under Art. 1995, Subd. 9a, Vernon's Tex.Rev.Civ.Stat. Ann., because appellant allegedly committed acts of negligence in Brazoria County proximately causing appellees' damages.

The trial court overruled the plea of privilege after a hearing. Parker has appealed.

Appellant lists four points of error by which he contends that there is no evidence or insufficient evidence that he was negligent, and no evidence or insufficient evidence, that such negligence, if any, was a proximate cause of appellees' damages.

In successfully controverting a plea of privilege under Subdivision 9a, the burden is on the appellees-plaintiffs to establish by a preponderance of the evidence that an act or acts of negligence, which were a proximate cause of the damages, were committed in the county where suit is brought. *Southland Beauty Shops, Inc. v. Forman*, 319 S.W.2d 737 (Tex.Civ.App.-Houston 1958, writ dism'd), and numerous other cases so holding. And on appeal, "Where no fact findings are filed and none set out in the judgment, the appellate court will presume that the Trial Court resolved all issuable facts in such a way as to support the judgment entered." See *Martinez v. General Beverage Distributors*, 312 S. W.2d 284, 286 (Tex.Civ.App.-Waco 1958, no writ).

Plaintiffs in the trial court successfully proved that the engineer, Parker, was under a duty to maintain a proper lookout to the rear of the train. A rear-view mirror was provided the engineer for that purpose. One of the reasons for such lookout was to detect signs of journal failure or a "hot box" (railroad terminology for an overheated wheel journal), which has been adequately shown to be the cause of such derailment. A "hot box" is characterized by the presence of smoke or sparks emanating from the overheated wheel journal, and the sparks and heat generated by "hot boxes" often cause grass fires beside the railroad track. The journal failure which caused the derailment was the length of 57 cars plus four diesel engines to the rear of the front engine, or about 2900 feet.

Appellees also alleged that the engineer was negligent in operating the train at a speed under the circumstances of 40 to 42 miles per hour, and that in failing to keep a proper lookout to the rear to discover the "hot box", his total failure to apply the brakes was negligence.

Appellees, circumstantially at least, successfully showed that the failure to maintain a proper lookout to the rear was a proximate cause of the damages involved, and that the trial court could infer that the fire along the railroad's right-of-way was started by sparks from the "hot box" which should have been seen or detected by an ordinarily prudent person, such as Parker, in the exercise of ordinary care. Also, the danger of derailment increases with speed, and the trial court could have inferred that the train could have been brought to a halt or at least substantially slowed by proper use of the train's emergency braking system. Appellant does not deny that derailment was among the occurrences that could have been foreseen as a probable result of such negligence.

This case, we believe, hinges on whether or not appellant failed to maintain a proper lookout under the circumstances.

"(f)ailure to keep a proper lookout can only be deemed a proximate cause where the keeping of it would have prevented the unfortunate occurrence." Bledsoe v. Yarborough, 422 S.W.2d 222, 226 (Tex.Civ. App.-Tyler 1967, no writ). The facts show that the derailment was caused by a journal failure or "hot box". Had appellant known of the "hot box" prior to derailment, his experience was such that he would have slowed and stopped, corrected it and continued on his way without the occurrence of the accident. This could have been brought to his attention had he seen evidence of such "hot box", e. g., sparks, smoke, or fire along the right-of-way. Thus, if failure to maintain a proper lookout existed on the part of appellant, such failure could be a proximate cause of the event under the evidence in this case. In passing on points of "no evidence" the Court of Civil Appeals should affirm the trial court's order if "(d)iscarding all adverse evidence and giving credit to all evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of facts might have found in his favor * * *." Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 100 (1953). Under this test, there is some evidence to support the trial court's judgment.

Next, we turn to the factual sufficiency questions whereby we must look to all of the evidence to determine whether appellees sufficiently sustained their burden of proof by a preponderance of the evidence. There is direct testimony by witness Donald Joe Mitchell that he observed a clearly visible fire on the railroad right-of-way about a mile and one-half from Danbury immediately after the entire train of about 164 cars had passed along the track. The fire was on the same side of the train as was the defective wheel journal and where appellant was situated in the front engine —on the right side. It was still dark at this time, and Mr. Mitchell had no trouble seeing the grass fire on the railroad right-of-

way. The track between Angleton and Danbury is straight and level for a distance of about four or five miles immediately before it reaches Danbury. There was no fire when the engine passed the point where the fire was shown to have been.

From this evidence, the trial court could reasonably have inferred that appellant's failure to notice any sparks, fire or smoke on the right-of-way, or to notice the grass fire, was negligence. The court further could reasonably have inferred, contrary to appellant's argument concerning the distance between the engine and the grass fire, that the fire had been burning for some time before Mr. Mitchell noticed it, and hence appellant should have noticed the fire when the engine was closer to it. The court could have inferred that no "right curve" was necessary to see the fire since the roadway was straight, the fire was of such magnitude, and it was still dark. We cannot say as a matter of law that the engineer could not have seen a fire or evidence of trouble on the right-of-way on a straight and level track for a distance of approximately one-half mile, or even more, under the circumstances of this case. Every reasonable intendment must be resolved in favor of the trial court's judgment. James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323 (1959).

In applying the above rule, the trial court had evidence before him to find that appellant failed to maintain a proper lookout which constituted negligence in Brazoria County. This negligence was a proximate cause of the accident, since had defendant maintained a proper lookout, he would have noticed signs of a "hot box" and might have braked or sufficiently reduced his speed well before the derailment. "The evidence may not be strong, but there is evidence supporting the contention of negligence, and the trial court believed that evidence. This is all that is necessary." See Southland Beauty Shops, Inc. v. Foreman, supra, 319 S.W.2d at p. 741. The

questions here are difficult and close, but venue facts can be established by circumstantial evidence, and we believe the facts are sufficient to support the judgment of the trial court. See Johnson Testers, Inc. v. Kirby, 359 S.W.2d 553, 555 (Tex.Civ. App.-Amarillo 1962, writ dism'd).

The judgment of the trial court is affirmed.