Wayne **PARRISH**, Appellant,

v.

**WHITFIELD TANK LINES, INC.,**
Appellee.

No. 5095.

Court of Civil Appeals of Texas,
Waco.

Feb. 17, 1972.

Bobby L. Cummings, Gatesville, for appellant.

Touchstone, Bernays & Johnston, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from a judgment sustaining defendant Whitfield's plea of privilege to be sued in El Paso County, the County of its residence, and involves Subdivision 27, Article 1995, Vernon's Ann. Tex.St.

Plaintiff Parrish sued defendant Whitfield in Coryell County for injuries sustained when the rear dual wheels of defendant's truck came off and struck plaintiff's pickup. Plaintiff based his action solely on the doctrine of res ipsa loquitur.

Defendant filed its plea of privilege to be sued in El Paso County, the County of its residence. Plaintiff controverted asserting venue maintainable in Coryell County under Subdivision 27, Article 1995.

The trial court after hearing sustained defendant's plea of privilege and ordered transfer of the cause to El Paso County.

Plaintiff appeals asserting the trial court "erred in sustaining defendant's plea of privilege because plaintiff introduced sufficient competent evidence proving that plaintiff had a cause of action under the doctrine of res ipsa loquitur, part of which arose in Coryell County within the purview of Subdivision 27, Article 1995 VATS".

The venue facts necessary to be established by plaintiff under Subdivision 27 are:

1) That defendant is a foreign corporation; 2) that plaintiff in fact has a cause of action against defendant; and 3) that such cause of action or a part thereof arose in Coryell County.

Defendant is a foreign corporation; and the collision occurred in Coryell County.

Plaintiff plead the collision was caused by the wheels of defendant's truck coming off and hitting him; invoked the doctrine of res ipsa loquitur; and alleged "the accident would not have occurred except for want of care on the part of defendant, the exact nature of which is unknown to plaintiff", as defendant had exclusive control and possession of the instrumentality causing the accident.

■ The evidence was that plaintiff was driving his pickup west on Highway 84 in Coryell County, and defendant's truck was driving east. The rear dual wheels of defendant's truck came off and struck plaintiff's pickup, causing injury to plaintiff.

Defendant's truck and trailer were practically new and had been purchased from the manufacturer. Defendant had performed all proper maintenance. The only defect which caused the wheels to sever was the breaking of the axle. Defendant's driver had inspected the truck and tires on the day of the accident; had no warning an accident was going to happen or that anything was wrong; and had had no prior problems with the truck.

The evidence fails to show that plaintiff's injuries could only have occurred by the negligence of defendant. There is no evidence that such an accident does not occur if the owner-operator had exercised proper care in the management and control of the axle. And the evidence raises the question of a defect in the axle as it came from the manufacturer.

■ Where the evidence shows that the accident may have happened as the result of one or two or more causes, and it is not more reasonably probable that it was due to negligence of the defendant than to any other cause, the rule of res ipsa loquitur does not apply. Davis v. Castile, Tex. Com.App. Adopted, S.Ct., 257 S.W. 870; LeBlanc v. Gulf Bitulithic Co., Tex.Civ. App. (NRE) 412 S.W.2d 86.

And there being no findings of fact, it is presumed the trial court found all issues raised by the evidence in favor of the judgment. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

The record is ample to sustain the judgment. Plaintiff's point is overruled.

Affirmed.