**Tom THOMAS, Appellant,**

**v.**

**SHARPSTOWN STATE BANK and Melville B. Bennett, Appellees.**

**No. 5121.**

Court of Civil Appeals of Texas, Waco.

March 23, 1972.

Ormand & Thomas, Tom Thomas, Dallas, for appellant.

Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellees.

## OPINION

JAMES, Justice.

This is a venue matter. Plaintiff-Appellant Tom Thomas filed suit in Dallas County, Texas against Defendant-Appellees Sharpstown State Bank (hereinafter called "Bank") and one Melville B. Bennett as liquidator of said Bank, the said

Bennett being an employee of Federal Deposit Insurance Corporation. By this suit Plaintiff-Appellant seeks to cancel and rescind his signature from a certain promissory note payable to the Bank on the basis of fraud.

Defendant-Appellees (the Bank and Bennett) filed a plea of privilege jointly, seeking to transfer the cause to Harris County, Texas, the alleged county of residence of both the Bank and Bennett. This plea of privilege contains all the allegations required for such plea, and in addition thereto contains other allegations undertaking to show that the 152nd District Court of Harris County, Texas, has exclusive jurisdiction of this cause; however, for purposes of this appeal we consider these additional allegations surplusage and therefore will confine our consideration to the venue aspect. These additional allegations above referred to are not material to the disposition of this appeal, as will be more particularly hereinafter pointed out.

Plaintiff-Appellant filed his controverting plea to the plea of privilege, alleging that venue properly lay in Dallas County, Texas under subdivisions 7 and 23 of Article 1995, Vernon's Ann.Tex.St.

Hearing was had on the plea of privilege and controverting plea; however, no testimony or evidence was presented by either side, and the trial court sustained the plea of privilege of both Defendant-Appellees and ordered the cause transferred to the 127th District Court of Harris County, Texas.

Plaintiff-Appellant has one point of error, namely, that the trial court erred in holding that the 127th District Court of Harris County has exclusive jurisdiction of this suit, said last-named court being the one in which receivership proceedings of the Bank are pending.

The order sustaining the plea of privilege does not recite that the 127th District Court of Harris County has "exclusive jurisdiction" of this suit, but merely recites that the plea of privilege is sustained and "that such cause is transferred to the 127th Judicial District Court of Harris County, Texas, which is the proper court."

Since the law is well-settled which governs the disposition of this plea of privilege we are compelled to affirm the action of the trial court sustaining this plea of privilege before we reach the question of whether the 127th District Court of Harris County has exclusive jurisdiction of this suit.

The filing of the plea of privilege placed the burden on Plaintiff-Appellant to plead and prove that the case is within one of the exceptions to Article 1995; in this instance either number 7 or number 23 or both exceptions of said Article. Banks v. Collins (Sup.Ct.1953) 152 Tex. 265, 257 S.W. (2) 97. That is to say, in the case at bar, Plaintiff-Appellant had the burden of proving one or both of the grounds of venue alleged in his controverting plea by a preponderance of the evidence. Compton v. Elliott (1935), 126 Tex. 232, 88 S.W. (2) 91, opinion adopted by the Supreme Court. Plaintiff-Appellant did not meet or discharge this burden, since he offered no evidence in support of his controverting plea, and there is no statement of facts in the record. Also see 60 Tex.Jur.2nd. "Venue", par. 203, pp. 41–53 inclusive. The trial court's order sustaining the plea of privilege must therefore be affirmed.

Affirmed.