CITIZENS STANDARD LIFE INSURANCE COMPANY, Appellant,

v.

Martin Melton WHITE, Jr., Appellee.

No. 8272.

Court of Civil Appeals of Texas, Amarillo.

June 26, 1972.

**54**

Dyer, Redford, Burnett, Wray, Woolsey & Dunham, Walter Dunham, Jr., and H. T. Hermansen, Jr. (H. T. Hermansen, Jr.), Corpus Christi, for appellant.

Young & Green (Jack D. Young), Muleshoe, for appellee.

REYNOLDS, Justice.

From an order overruling its plea of privilege to defend in Nueces County this suit filed in Lynn County for recission, because of alleged fraudulent representations, of an annuity contract issued by it, Citizens Standard Life Insurance Company has appealed. Affirmed.

Martin Melton White, Jr., appellee here, instituted this suit in Lynn County, the county of his residence, to rescind an annuity contract issued to him by appellant Citizens Standard Life Insurance Company on the ground of fraudulent representations made in Lynn County by the soliciting agent of the insurance company. The insurer filed its plea of privilege to be sued in Nueces County, the county of its domicile, and White controverted the plea, alleging entitlement to maintain this suit in Lynn County under Vernon's Ann.Civ.St. art. 1995, subdivisions 7 and 23.

The adjudication of the venue issue was submitted to the trial court without the interposition of a jury and, after hearing all the evidence, the court entered its order overruling appellant's plea of privilege. The appeal therefrom reaches this court, absent a request for and filings of findings of fact and conclusions of law, on the one point of error that there was no evidence to support the trial court's implied finding that appellant's agent misrepresented a material fact. The statement and argument submitted in connection with the one point of error presents the proposition that there is no evidence to sustain White's cause of action for fraud and, there being no objection to appellant's presentation, the point of error will be considered from this relational alliance to determine the question of reversible error.

■ Vernon's Ann.Civ.St. art. 1995 dictates that a defendant shall not be sued out of the county in which he has his domicile, except in certain cases, among which, under subdivision 7, is that suit may be brought in the county where fraud was committed, and, under subdivision 23, is, inter alia, that a suit against a private corporation may be brought in the county in which the cause of action or part thereof arose. The private corporation status of appellant being conceded, appellee's burden to deprive appellant of the valuable right to be sued out of Nueces County under either subdivision 7 or subdivision 23 is the same; i. e., to plead and prove venue facts constituting the commission of fraud by appellant in Lynn County in order to confer jurisdiction on the district court of Lynn County to the derogation of appellant's right to defend this suit in Nueces County. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91 (1935). Since the review of the trial court's order in a venue determination is the same as in any other appealed case, Compton v. Elliott, supra, the review of appellant's no evidence point requires that credit be given to, and every reasonable conclusion deduced from, all evidence favorable to appellee to ascertain, without acknowledgment of any evidence adverse to appellee, whether the trier of the facts might have found in favor of the successful appellee. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

From this perspective, the evidence before the trial court was that appellant's agent appeared uninvited at appellee's place of business in Lynn County, and proposed that the information contained in appellee's twelve insurance policies be computerized to determine if appellee was eligible for an annuity contract without out-of-pocket expense to him. The theory of the presentation, as appellee understood it, was that the dividends and interest accumulated under his policies would buy the annuity, " . . . but actually coming from my pocket to keep this up, I was told that I wouldn't be out a penny." A perusal of the statement of

facts reveals that this is the only representation, among others appellee believed and which he alleges are false, that appellee testified he relied upon and would not have entered into the contract if he had known it was false. The insurance policies were made available, the information therefrom extracted, and at that visit or a subsequent one, appellee was induced to sign in blank several application forms for loans on insurance policies, and to execute an application for an annuity contract on the representation that such was necessary to secure additional information about the existing policies from the issuing insurance companies. Thereafter, the agent produced two checks totalling $3,178.00, issued by an insurance company as the proceeds of loans made on two of appellee's policies, and appellee endorsed them in blank and delivered them to the agent. Subsequently, appellee was delivered the annuity contract that he seeks to rescind by this suit. Basically, the annuity contract reflects appellee's age at issue as 49; requires an annual premium of $3,178.00 for twenty-one years; provides that in the event of appellee's death before maturity and while the contract is in force, the beneficiary will receive the premiums paid, less interest, or the cash surrender value, whichever is greater; and provides for optional settlements at maturity and, depending on which option is selected, the guaranteed return will aggregate more or less than the premiums paid. Questioning the age at issue and the premium paying period as being different from what was represented to him, appellee was not satisfied with the agent's explanation, and then contacted one Froy Salinas, an insurance agent from whom appellee had purchased other insurance coverage. In the interim, appellee had received two statements for interest due on the two loans made on his policies and paid the interest amounts. Salinas reviewed the annuity contract and appellee's existing insurance policies, and this was the first time that appellee understood he had negotiated a loan on two of his insurance policies or that the proposal of appellant's agent was to pay for the annuity

from loans on appellee's insurance policies to be made at intervals. Salinas testified that there was no way the loan values on the insurance policies could be utilized to fund the annuity contract past the first two years. If the second premium were not paid and the annuity contract were allowed to lapse, the premium paid from the loans, and the interest thereon, were lost to appellee; if the contract were surrendered for cash, the return therefrom would be minuscule compared to the initial cost; and if the annuity contract were continued in force, a considerable amount of its cost would have to come from appellee's "pocket." At this point in time, appellee offered to surrender the contract and demanded the return of the premium paid. Appellant refused, standing on the validity of the contract, and this suit resulted.

■ Considering this evidence and the reasonable conclusions deducible therefrom, and disregarding the adverse record evidence, the evidence is of probative force sufficient to support the trial court's implied finding of actionable fraud—i. e., a representation by appellant's agent as to a material fact that was false when made with the intent that appellee act upon it, which he did to his damage—committed in Lynn County. North America Life Insurance Company v. Wilburn, 392 S.W.2d 364 (Tex.Civ.App.—Dallas 1965, no writ), and the trial court's order may not be disturbed on appeal. Banks v. Collins, supra.

■ Projected against the complete evidential background which includes evidence adverse to appellee and defensive matters not set out in the recitation above, appellant's able brief poses the question of whether appellee's assertions of fraudulent representations are so extraordinary that it must be held, as a matter of law, that he has failed to prove actionable fraud. It may be that in a trial on the merits the ultimate facts found may defeat appellee's pleaded cause of action, but these are merit matters not at issue in this venue matter and which, under appellant's no evidence

point, we do not reach and express no opinion thereon. Appellant's no evidence point of error is overruled.

The judgment of the trial court is affirmed.

ELLIS, C. J., not sitting.