INTERCONTEX PUBLISHERS (ENGLAND) LIMITED, Appellant,

v.

BETTER BUSINESS BUREAU OF SAN ANTONIO, INC., and G. W. Seffel, Individually, Appellees.

No. 5263.

Court of Civil Appeals of Texas, Waco.

June 14, 1973.

Seward & Heitman, Wallace Heitman, Dallas, for appellant.

Lang, Cross, Ladon, Boldrick & Green, Paul M. Green, San Antonio, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff from an order sustaining defendants' pleas of privilege to be sued in the county of their residence, and involves subdivision 29, Article 1995, Vernon's Ann.Civ.St.

Plaintiff Intercontex Publishers (England) Limited filed a libel suit in Dallas County against defendants Better Business Bureau of San Antonio and its Vice President Seffel, charging them with publication and distribution of a defamatory article concerning plaintiff. Defendants filed pleas of privilege to be sued in Bexar County, the county of their residence. Plaintiff controverted asserting venue in Dallas County under Subdivision 29, Article 1995.

The trial court sustained defendants' plea of privilege and ordered the cause transferred to Bexar County.

Plaintiff appeals on 3 points contending:

1) The trial court erred in rejecting as evidence a letter dated 23 September 1969, from Intercontex Publishers of America to Better Business Bureau of Dallas; and an Informational Questionnaire concerning plaintiff completed by Better Business Bureau of Dallas.

2) The trial court erred in sustaining the pleas of privilege of defendants as such finding was against the great weight and preponderance of the evidence.

Intercontex Publishers (England) Limited sued defendants alleging itself a corporation organized in England, but authorized to do business in Texas; that it was at one time known as "Intercontex Verlag G.m.b.h."; is engaged in selling entries in, publishing and selling an international teletypewriter directory; that defendants in October 1971 published and circulated in

its monthly publication, the following notice concerning plaintiff:

"TELEX DIRECTORY ADVERTISING SOLICITATIONS

This is another reminder to our members to please alert your bookkeepers about the INTERNATIONAL TELEX DIRECTORY racket. If you use telex you have possibly already heard from any or all of the following:

Intercon-Tex Publishers Limited
The International Telex Directory
Henrich Schneider Verlag
Wilhelm Becker Verlag-Tex Pub. Ltd.
Intercon-Tex Verlaf G.M.D.H.
International Trade Telex Directory
Trans-Tel International Limited Introtex
Alexander Boue Verlag

These companies, as far as we can ascertain are all one and the same and are operating from Hamburg, London, Brussels, Berlin, Santa Barbara, Johonnesburg and Malta.

These are look-alike invoices and the amounts vary from a low of $29.45 up to $121.00. UNDER NO CIRCUMSTANCES SHOULD THESE INVOICES BE PAID."

Plaintiff alleged the foregoing statements false, wilful, malicious, libelous and sought actual and exemplary damages.

Subdivision 29 Article 1995 provides:

"A suit for damages for libel or slander shall be brought, and can only be maintained, in the county in which plaintiff resided at the time of the accrual of the cause of action, or the county where defendant resided at the time of filing suit * * at the election of plaintiff."

The burden was thus on plaintiff to prove:

1) That it resided in Dallas County at the time of the accrual of the cause of action, October 1971.

2) That it had a prima facie cause of action for libel.

Plaintiff is an English Corporation. It did not have a certificate to do business in Texas until August 31, 1972. It maintained no telephone listing, paid no property taxes, and maintained no bank account in Dallas County in October 1971. Its officers and directors are Angus and Barbara Labunski, German citizens residing in London, England; Jost zu Stolberg, a German citizen residing in Brussels, Belgium; and Alba Rosa Arzate, a Mexican citizen, maintaining her permanent address in Mexico City.

Miss Arzate testified she managed an office in Dallas County on and before October 1971 named "Intercontex Publishers of America," which was a branch office of "Inter contex Publishers (England) Limited", and that a Telex directory ordered from Intercontex Publishers of America would be mailed to the customer from London, England by plaintiff.

Miss Arzate in August 1969 filed certificates with the Dallas County Clerk, pursuant to Article 5924 V.A.T.S., that "Intercontex Publishers of America", and "Intercontex Publishers", both of 1954 Mercantile Bldg., Dallas, Texas were names under which business was conducted by Angus Labunski and Alba Rosa Arzate. Such certificates make no mention of ownership by "Intercontex Publications (England) Limited".

Plaintiff sought to introduce a letter written by Miss Arzate on Intercontex Publishers of America letterhead in September 1969 to a person not a party to this case, in which she stated Intercontex Publishers of America was a "branch office" the head office of which is in London, England. Plaintiff also sought to introduce a completed Dallas Better Business Bureau information questionnaire form, dated February 1969 which recited

"Firm Name: Intercontex Publishers (England) Ltd.

"1954 Mercantile Dallas Bldg., City Dallas"

The trial court excluded both documents.

■ The letter reflected Miss Arzate wrote in September 1969 that Intercontex Publishers of America was a branch office of plaintiff. She testified to this on the trial of this case. Exclusion of this exhibit, if error was harmless. Rule 434 Rules of Civil Procedure.

■ The questionnaire was information some unknown person in Dallas Better Business Bureau apparently obtained from some unknown person in Intercontex Publications of America's office in February 1969. The document is hearsay and was properly excluded.

■ We think the evidence ample to sustain the trial court's presumed finding plaintiff did not reside in Dallas County in October 1971. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

Plaintiff's points are overruled.

Affirmed.