## McDONALD et al. v. HOME OIL CORPORATION. (No. 6778.)

(Court of Civil Appeals of Texas. San Antonio. May 17, 1922.)

**1. Nuisance ⬤═3(5)—Oil refinery not a nuisance per se.**

An oil refinery is not a nuisance per se.

**2. Nuisance ⬤═33—Evidence as to construction and operation of oil refinery admissible.**

In a suit to enjoin the operation of an oil refinery, in which plaintiffs alleged that it was constructed in a crude and negligent manner, and that, because of imperfect and dangerous operation, it became a nuisance, it was proper to permit defendant to prove that it had invested a large sum of money in the enterprise and had built the refinery in the most approved style, and was operating it as other refineries were operated.

**3. Appeal and error ⬤═931(6)—Immaterial evidence of cost of oil refinery presumed not to influence judgment of court in suit to enjoin as a nuisance.**

In a suit by property owners against an oil refining company to enjoin its operation, evidence of the cost of a refining plant, if immaterial, will be presumed not to have influenced the judgment of the trial court.

**4. Nuisance ⬤═31—Refusal of temporary injunction held proper.**

Where property owners allowed an oil refining plant to be erected at a large expense in their neighborhood without a protest, and its continuance would cause very little damage, but an injunction against its operation would cause a great amount of damage, refusal of a temporary injunction was proper.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Suit by James E. McDonald and others against the Home Oil Corporation. From judgment for defendant, plaintiffs appeal. Affirmed.

Newton & Woods, of San Antonio, for appellants.

T. P. Hull, of San Antonio, for appellee.

FLY, C. J. James E. McDonald and 19 other persons, describing themselves as "resident property owners of Bexar County, Texas," sought to obtain first a temporary injunction and then a permanent writ to prevent appellee from operating an oil refinery and obstructing streets at or near the south boundary line of the city of San Antonio, alleging:

"That, by reason of the premises, the lives and health of these plaintiffs and of their families have been and are being injured, they are caused to suffer, they are unable to breathe without difficulty, they are prevented from sleeping, the forced inhalation of said smoke, fumes, and gases have injured the lungs and other portions of the respiratory tracts of these plaintiffs and their families, they suffer great pain and inconvenience, they can neither eat, sleep, nor work with due ease and comfort, and each of these plaintiffs has thereby suffered actual damages in the sum of $500, and that, by the depreciation in the value of the homes and properties of these plaintiffs, and of each of them, these plaintiffs have been further damaged in the sum of $1,000."

Each of them sought a judgment for $1,500 as damages. The court denied the temporary injunction, and from that order this appeal has been prosecuted.

[1, 2] Appellants alleged that appellee had constructed its oil refinery "in a most crude, unsanitary, dangerous, careless, and negligent manner," setting out with considerable detail the defects of construction, and yet, when appellee sought to prove that its refinery was built in the best approved manner, and as other oil refineries are constructed, appellants objected, and have made such objections the subject of assignments of error 1, 2, 3, 4, and 5. The only objection urged to the testimony is that it was immaterial, but, in view of the allegations, and in view of the fact that an oil refinery is not an illegal enterprise, nor a nuisance per se, the evidence was not only material, but pertinent and proper. The assignments of error are overruled.

The charge against appellee is not only that it had defectively constructed its refinery, and was consequently a nuisance, but its manner of operation was so imperfect and dangerous that it became a nuisance, and it was proper to permit appellee to prove that it had invested a large sum of money in the enterprise, and had built the refinery in the most approved style, and was operating it as other refineries were operated. The proof was ample to justify a finding that the oil refinery is not a nuisance. It is situated outside the city of San Antonio.

The refinery is not within the limits of a

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

city, and there is no evidence that appellee had appropriated or obstructed any public road established and laid out by the commissioners' court of Bexar county. The evidence fails to show the obstruction of any regularly laid out road or street.

[3] The sixth assignment of error is overruled. The testimony as to what the refinery cost was objected to as immaterial, and, if so, the case having been tried by the court, it will be presumed that the judgment was not influenced by such immaterial testimony.

The seventh, eighth, and ninth assignments of error are without merit, and are overruled. All the matters mentioned in them have been disposed of in this opinion.

[4] The case of Lewis v. Berner, 230 S. W. 246, relied on by appellants, was decided by this court, and presents a very different state of facts from those disclosed in this case. In that case Lewis was permanently restrained from constructing and operating a public automobile storage garage in a residential portion of the city of Fort Worth. No expenditure of money had been made in the enterprise by Lewis, except to buy a lot and place some material on it, and the complainants in that suit went to him and offered him a sum greatly in excess of what expense he had incurred in buying the lot and otherwise. In this case the parties sat calmly by and saw the expenditures of large sums of money in the erection of the plant, and putting it in operation, and then, after it had been operated for several months, seek to close the refinery and destroy the enterprise. No protests were entered against the erection of the plant, and the trial judge very properly refused to destroy the plant erected by appellee without giving it an opportunity to be heard on the facts. This case seems to present some of the characteristics of acquiescence 'in the wrongful conduct of another which, while not creating a case of pure estoppel, would preclude them from obtaining the distinctively equitable remedy of temporary injunction and leave them to their action at law for damages. Of course, to be acquiescence, appellants must have known of the wrongful acts and their injurious consequences. Pomeroy, Eq. Jr. §§ 816, 817.

It is not alleged that the refinery is a nuisance per se, but the allegations point more directly to the improper operation of the refinery, which was causing the inconvenience and discomfort to the residents of the community. The petition indicates that a proper operation of the plant, and improvement in some parts of the construction, would remedy the evils incident to conducting this enterprise. The damming up of the surface water or obstruction of streets are matters that can be remedied without the aid of a writ of injunction, and where it is shown by the pleadings that great hardship and loss would be inflicted by the grant of temporary writ of injunction, and that the matters involved are questions of fact, the temporary writ is properly refused. The court has weighed the evidence as to facts of inconvenience and discomfort arising from the erection and operation of the refinery, and has rendered a judgment that has testimony to sustain it, and the valuable improvements made should not be rendered valueless by depriving appellee from a hearing on the facts before a jury if desired. The granting of a temporary writ would be of incalculable damage, while, under the testimony, the damages would be slight and insignificant to appellants. Joyce on Injunctions, §§ 1064–1066 and 1067. The lower court properly held the case in statu quo for a full investigation on a final trial.

A temporary injunction is granted to prevent danger of injury occurring within the interval between the time when it is sought and a trial on the merits unless it be shown that the damages recoverable at law would not be an adequate remedy, or that irreparable damage would occur in the interval of time. No such damage has been shown to likely occur by the evidence in this case. Pomeroy, Eq. Jur. § 1949.

The judgment is affirmed.