**STANOLIND OIL & GAS COMPANY,**
Appellant,

v.

Stanley A. SMITH, Appellee.

No. 6021.

Court of Civil Appeals of Texas.

Beaumont.

April 19, 1956.

King, Sharfstein & Rienstra, Beaumont, for appellant.

Stephenson & Stephenson, Orange, for appellee.

R. L. MURRAY, Chief Justice.

This is an appeal from an order in the district court of Newton County, overruling a plea of privilege.

Stanley A. Smith, appellee, brought suit against Stanolind Oil and Gas Company, appellant, and twenty-seven other defendants. Appellant filed its plea of privilege to be sued in Harris County, Texas, alleging that it is a corporation with its principal office and place of business in Harris County, and further alleging that no exception to exclusive venue in the county of one's residence existed in said cause. Appellee controverted said plea, alleging facts in support of his allegation that his suit was against a corporation and that his cause of action or a part thereof arose in the county where suit was brought. He further alleged other facts, and sought to maintain venue in the county where suit was brought under Sections 9, 14, 23, and 29a, Article 1995, Vernon's Ann.Tex.Civ.St. At the time of the hearing on the plea of privilege, the appellant and appellee entered into a stipulation to the effect, among other things, that appellant was the only person in control of and maintaining the burning pit, the results of the operation of which appellee alleged to be the cause of the injuries sued for. Appellee thereupon offered no evidence in support of his claim that venue might be held in Newton County under said Section 29a of such venue stat-

ute. On appeal he relies on Sections 9, 14, and 23 of said statute.

From the evidence and the stipulation of the parties, the following facts were shown at such hearing:

The Stanolind Oil and Gas Company is a corporation with its principal office and place of business in Houston, Harris County, Texas. Appellee Smith lived at his home near Hartburg in Newton County, Texas, on June 26, 1950, and had been living there with his wife for some time prior to that date. The Stanolind Oil and Gas Company maintained and controlled a pit about 185 or 190 feet north of Smith's home, which pit was operated in connection with two oil wells owned and operated by Stanolind near by. Waste oil and gases were burned in such pit continuously for an indefinite length of time before June 26, 1950, and for three weeks immediately prior to that date the smoke, gas and fumes from the pit were unusually disturbing. The gases and fumes escaping from the pit entered into his house and on his premises. The fumes caused appellee and his wife to cough and lose rest and ruined growing crops he had near his home, consisting of sweet potatoes, corn, vegetables and peas. On June 26, 1950 he left home about 9 a. m. and returned about 3 p. m. and found his wife dead in the house. She had complained that morning that she was feeling bad, that she did not rest well the night before. She had complained of the gas and fumes before that time and suggested that they move away from their home because of the fumes. At times the heat from the burning gases was bad enough to cause him and his wife discomfort at their home. The pit burned waste oil and gas, the gas coming through a pipe arising from the pit, and at times the burning flare would go 40 or 50 feet in the air.

The appellee's petition alleged that the appellant operated this pit and caused the flames and fumes to flow on to his home and on to his premises, which caused his injury and damage. He alleged that the burning pit and the smoke, gas and fumes escaping therefrom caused the appellee and his wife unreasonable discomfort, annoyance and inconvenience; caused his vegetables to wilt and die; that his wife died on the 26th day of June, 1950, on account of inhaling smoke, fumes and vapors. He alleged damage from the loss of his growing crops in the sum of $300 and damages for the death of his wife and the loss of her services in the sum of $25,000. He alleged that the wrongs committed by the appellant created a nuisance and that they did not have the right to use its property as to create such a nuisance and injury and damage him as alleged. He also alleged in effect that the doctrine of res ipsa loquitur should be applied. Appellee in his controverting affidavit adopted his petition as a part thereof.

On appeal the appellant brings forward four points of error. It says that the trial court erred in overruling its plea of privilege because (1) appellee failed to prove that his suit was for the recovery of land or damages thereto within Exception 14 of Article 1995, V.A.T.S.; (2) appellee failed to establish any cause of action against the appellant accruing in whole or in part in Newton County, within Exception 23 of Article 1995, V.A.T.S.; (3) appellee failed to establish a cause of action against any other defendant named in his petition and Exception 29a of Article 1995, V.A.T.S., is inapplicable. (4) There was no pleading or proof that the appellant was a necessary party to appellee's suit against any other defendants within said Exception 29a of Article 1995, V.A.T.S. The appellee points out in his brief that because of a stipulation entered into between appellant and appellee to the effect that appellant was the only person operating and maintaining the burning pit in Newton County he has agreed to dismiss his suit against all defendants named in his petition except the appellant Stanolind Oil and Gas Company and that he presented no evidence at the hearing on the plea of privilege under said Exception 29a.

Appellant's third and fourth points therefore are of no consequence in this appeal and need not be considered.

■ Appellant's first point is sustained on the authority of Knight v. Houston & T. C. Railway Co., 93 Tex. 417, 55 S.W. 558; City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466; Stull's Chemicals, Inc., v. Davis, Tex.Civ.App., 263 S.W. 2d 806. The damages sought by the appellee in his suit against the appellant were not because of injury to the land itself, but for growing crops on the land and such a suit cannot be maintained in the county where the land is situated under Sec. 14, Article 1995 of the venue statute.

The second point of the appellant contains the real controversy in this appeal. Under that point it must be determined whether the evidence adduced on the hearing was sufficient to show that the appellee has proved a cause of action against appellant arising in whole or in part in Newton County. If the evidence of the appellee was sufficient to show negligent conduct or a nuisance on the part of the appellant which resulted in injury and damage to the appellee then the trial court correctly and properly overruled the plea of privilege. Whether the appellee relied upon Section 23 or Section 9 of Article 1995, the venue statute, under the pleadings and the evidence introduced the legal effect would be the same. If the facts and pleadings show conduct that would amount to a trespass committed in Newton County by the appellant, that would also amount to proof that the appellee had proved a cause of action against the appellant corporation, which cause of action arose in whole or in part in Newton County.

Appellant contends that the appellee wholly failed to prove any cause of action against it. We believe that the evidence is not sufficient to show that the death of the appellee's wife was caused by the inhalation of the fumes and gases from the burning pit. In fact, there was no proof whatever as to the cause of her death. We think the evidence was sufficient, however, to show that the burning pit and the escaping fumes, gases and heat therefrom caused the loss of the appellee's growing crops. The question for determination then narrows down to a consideration of whether the evidence shows conduct on the part of the appellant in the operation of its burning pit which amounts to negligence or a nuisance. The appellant relies upon the decisions in Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221; Carter v. Simmons, Tex.Civ.App., 178 S.W.2d 743; Warren Petroleum Corp. v. Martin, Tex.Civ. App., 271 S.W.2d 410; Stanolind Oil & Gas Co. v. Lambert, Tex.Civ.App., 222 S. W.2d 125. The appellant says that the general rule announced in these cases is that a plaintiff can recover damages for matters flowing on to his premises from that of the defendant only by alleging and proving some specific act of negligence on the part of the defendant. It says that the rule announced as applied to this case would require that the appellee show some specific act of negligence, and show that the act of the appellant in permitting the fumes and gases to escape involved a breach of some legal duty which it owed the appellee. Appellant points out that there is no proof here showing that fumes and smoke, in the absence of negligence, do not ordinarily emanate or escape from an open pit in which waste is burning, and that the trial court could not take judicial knowledge that such emanation of such smoke and fumes was a departure from the normal so as to raise an inference of negligence.

We believe that such a contention ignores the fact in this case that the lighting of fires and permitting the heat, smoke and fumes to flow on to the premises of the appellee was not a single accident or incident, but rather was a continuous process and a method of operation of such pit. It appears to be such a fact situation as that found in Gulf Oil Corp. v. Vestal, Tex.Civ.App., 231 S.W.2d 523 and Columbian Carbon Co. v. Tholen, Tex.Civ.App., 199 S.W.2d 825, 828, writ of error refused.

■■ In the opinion in Columbian Carbon Co. v. Tholen, supra, the following is quoted from 31 Tex.Juris., p. 421: " 'As a general rule, proof of negligence is not essential to imposition of liability for the creation or maintenance of a nuisance. That is so although the nuisance com-

plained of may be the consequence of negligence. A nuisance does not rest on the degree of care used, but on the degree of danger or annoyance existing even with the best of care. Consequently, if a nuisance exists, the fact that due care was exercised against its becoming a danger or annoyance is no excuse. However, where the act or condition in question can become a nuisance only by reason of the negligent manner in which it is performed or permitted, no right of recovery is shown independently of the existence of negligence.' "

This case was tried before the court without a jury, and no findings of fact or conclusions of law were filed or requested. In support of its order and judgment overruling the appellant's plea of privilege, the trial court could have found from this record that the operation of the burning pit adjacent to the appellee's property constituted a voluntary and intentional nuisance, that is, that the intentional maintenance and operation of the pit inflicted damages upon appellee that resulted from a substantial invasion of appellee's property and enjoyment thereof, materially and unreasonably interfering, both with his family's comfort, the use and enjoyment of his property to which they were entitled, and the destruction of growing crops on his property. Negligence is not a requisite to liability for such a private nuisance as could be found to have arisen out of voluntary and intentional conduct on the part of the appellant in operating its burning waste pit, situated as it was with reference to his home, with consequences which it must have known were inevitably resulting and would continue to result therefrom. On the authority of the law announced in Gulf Oil Corp. v. Vestal and Columbian Carbon Co. v. Tholen, supra, and the cases and authorities cited and quoted from in those two opinions, we hold the evidence was sufficient to show a cause of action against the appellant arising in whole or in part in Newton County. Appellant's second point is overruled.

The judgment of the trial court is affirmed.