Vicente **NERIO** et al., Appellants,

v.

Hilario G. **TIJERINA** et al., Appellees.

No. 844.

Court of Civil Appeals of Texas,
Corpus Christi.

April 25, 1974.

Rehearing Denied May 9, 1974.

Jack K. Dahlberg, Jr., Corpus Christi, for appellants.

S. E. Dyer, Corpus Christi, for appellees.

## OPINION

NYE, Chief Justice.

This is a venue case. Vicente Nerio, Luciana Nerio, John Nerio, and Marciella Flores, plaintiffs filed suit in the District Court of Nueces County, Texas, against Hilario G. Tijerina and Kings Transportation Company, defendants, to recover for alleged damages arising out of an automobile-truck collision. The defendants filed their plea of privilege to be sued in Hidalgo County where they resided. The plaintiffs sought to maintain venue in Nueces County, under the provisions of Subdivision 9a, Article 1995, Vernon's Ann.Civ.St. Upon a prior hearing of the defendants' plea of privilege, the trial court overruled both pleas, from which order the defendants perfected their appeal to this Court. This Court reversed the order of the trial court overruling the plea of privilege and remanded the cause for further development of the facts. Tijerina v. Nerio, 497 S.W.2d 72 (Tex.Civ.App.—Corpus Christi 1973). Upon the second hearing of such plea of privilege the trial court granted both pleas of privilege whereupon the plaintiffs appealed from this second order sustaining the pleas of privilege.

The plaintiffs sought to hold venue in Nueces County under the provisions of Subdivision 9a of Article 1995, V.A.C.S. alleging that the defendants committed acts of negligence that were a proximate cause of the collision in question.

In January of 1972 a truck owned by defendant Kings Transportation Company and driven by defendant Tijerina collided with an automobile driven by plaintiff John Nerio. The other plaintiffs were passengers in the Nerio automobile. The collision occurred at an intersection of U. S. Highway 77 and the business route of such highway into Bishop, Texas in Nueces County. The main travelled portion of Highway 77 is a four-lane divided highway with a grass median separating the two southbound lanes from the two northbound lanes. A stop sign requires the traffic moving east on the business route to stop at the intersection with the southbound lanes of Highway 77. The defendant Tijerina was driving his truck south in the outside west lane of Highway 77. The plaintiffs were travelling north out of Bishop to the point where the business highway crosses Highway 77 in a east-west direction. In order for the plaintiffs to continue north on Highway 77, it was necessary for them to cross through the southbound lanes over to the east portion of Highway 77 to the northbound lanes.

Plaintiff Nerio stopped at the stop sign facing Highway 77. While he was stopped, he noticed the defendant's truck which was travelling south in the west lane of U. S. Highway 77. He estimated that the truck was about 400 feet away. The driver John Nerio started up, entered the intersection, crossed both lanes of U. S. Highway 77 to a point a few feet east of the south bound portion of the highway, where he was struck by the braking and jackknifing truck driven by the defendant Tijerina. Nerio stated that while he was crossing the highway, he took his eyes off the truck and didn't see it again until he had finished crossing the southbound portion of the highway. The truck was about 75 feet from his vehicle at that time. He offered no other testimony with reference to the accident.

The plaintiffs called as their witness an accident reconstruction expert who testified as to the relative direction, speed and stopping distances of the vehicles involved in the collision. His testimony was based on an on-the-scene examination of the skid marks, certain physical evidence, photographs, data concerning the truck (supplied by the defendants) and charts from the Texas Highway Department. The witness then prepared a plat which was introduced into evidence. The basis of his calcula-

tions were reconstructed from the point of impact backwards.

The expert witness' testimony may be summarized as follows: the defendant truckdriver was travelling at a speed of 60.7 miles per hour prior to the time that the plaintiff Nerio entered into the highway. At the point where the truckdriver applied his brakes, he was 96 feet and 1⅓ seconds from the point of impact. Using the reconstruction expert's testimony, that the plaintiff's vehicle was accelerating at the rate of approximately 6 feet per second, plaintiff's vehicle was 32.85 feet from the collision point when the defendant truckdriver applied his brakes. This would place plaintiff's vehicle in the west side of the south bound portion of the highway about 2½ feet across the center stripe. The plaintiff would back up both vehicles to the point where the truckdriver must have reacted to the impending collision to determine his negligence vel non. This point in time and distance would be about ¾ of a second prior to the application of the brakes by the truckdriver and 67½ feet further back on the highway. The plaintiff's vehicle in turn would be entering the west side of the south bound portion of the highway.

The plaintiffs contend in 5 points of error that the trial court erred in sustaining the plea of privilege because there was evidence both factually and legally to support the defendant's negligence and proximate cause of the collision, requiring the trial court to overrule the plea of privilege. The plaintiffs contend that the truckdriver defendant was negligent in two particulars: 1) in failing to keep a proper lookout; and 2) by improperly and negligently changing lanes.

■ There are certain basic rules that govern the decision of this type of case. First, for venue purposes the plaintiff must establish that the defendant truckdriver who asserted his plea of privilege committed some negligent act or omission in the county in which the action was brought that proximately caused the damages complained of. D. E. McAlister Trucking Company v. Shaw, 352 S.W.2d 530 (Tex. Civ.App.—Ft. Worth 1961).

■ On appeal from an order sustaining the defendant's plea of privilege, the Appellate Court should affirm the judgment of the trial court if there exists in the record evidence of probative value, sufficient to support the trial court's judgment. On the no evidence contention, if, discarding all of the adverse evidence, and giving credit to all of the evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of the facts may have found in his favor, then it is to be concluded that there is evidence to support the finding. This rule is applicable on appeal from orders sustaining or overruling a plea of privilege. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97 (1953).

■ It is well settled that a person is not bound to anticipate the negligent or unlawful conduct of another. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955). The truckdriver defendant had the right of way. The driver with the right of way is under a duty to take evasive action (or his failure to take evasive action is negligence), only after the other driver without the right of way has done something which would alert a reasonable prudent person to the danger of a collision if evasive action is not taken. Skyline Cab Company v. Bradley, 325 S.W.2d 176 (Tex.Civ.App.—Houston, 1959, ref., n.r.e.). Therefore, the truckdriver was not required to anticipate that the plaintiff would fail to yield the right of way until he actually entered the main portion of the highway. Up until such time the truckdriver was justified in believing that the plaintiff would act in a lawful or prudent manner. At that point in time when the truckdriver saw that the plaintiff was not going to yield the right of way, his evasive reaction in applying his brakes and turning to the left occurred within that time re-

quired of such a driver when we use the ordinary prudent person standard. We hold that the evidence supports such a finding by the trial court.

■ The truckdriver's lookout was equally as alert. The driver with the right of way ordinarily has a duty to keep a lookout for other vehicles entering the intersection and his failure to do so is negligence, but such failure to keep a proper lookout is a proximate cause of the collision only if such lookout would have revealed something on the part of the other vehicle that, if seen, would have alerted him to the danger of a collision at such time or distance that proper evasive action taken by him would have prevented it. Pittman v. Licerio, 496 S.W.2d 676 (Tex. Civ.App.—Corpus Christi 1973). Taking into consideration the defendant's speed, his reaction time, and that point when it was apparent that the plaintiff was going to fail to yield the right of way, we believe the defendant took such evasive action as an ordinarily prudent person would have done under the same or similar circumstances. The evidence is almost conclusive that the truckdriver saw the plaintiff driver at that point in time when his lookout would have required him to take such action.

■ Even if we should agree with the plaintiff that there was some negligence on the part of the truckdriver, we cannot hold that there was evidence that such negligence was a proximate cause of the collision. Here, there is an implied finding of the trial court in the support of its judgment that such negligence, if established, was not a proximate cause of the collision. Both foreseeability and cause in fact are the essential elements in a proximate cause finding. They are not present in this case. Having considered all the evidence, we are required to affirm the judgment of the trial court. Missouri Pacific Railroad Company v. Corpus Christi Hardware Company, 414 S.W.2d 185 (Tex.Civ.App.

—Corpus Christi 1967); Samford v. Duff, 483 S.W.2d 517 (Tex.Civ.App.—Corpus Christi 1972, ref.n.r.e.).

Judgment of the trial court is affirmed.