Reversed and Rendered on Motion for Rehearing.

Dr. Arnold ALBERT, Appellant,

v.

KIMBELL, INC., Appellee.

No. 15649.

Court of Civil Appeals of Texas, San Antonio.

Dec. 8, 1976.

Glennie Gorton Baker, San Antonio, for appellant.

Robert L. Kelly, Groce, Locke & Hebdon, San Antonio, for appellee.

CADENA, Justice.

Plaintiff, Dr. Arnold Albert, appeals from an order of a district court of Bexar County, sustaining the plea of privilege filed by defendant, Kimbell, Inc., a Texas corporation, and transferring plaintiff's suit against defendant County, the county of defendant's domicile.

The sole question is whether venue is maintainable in Bexar County under Subdivision 14 of our general venue statute, Article 1995, Tex.Rev.Civ.Stat.Ann. (1964), which provides that suits for the recovery of damages to land must be brought in the county in which the land is situated.

Whether or not a suit is one for the recovery of damages to land is determined by reference to plaintiff's pleadings. 1 McDonald, Texas Civil Practice § 4.22.4, p. 494 (1965 rev.).

In his petition plaintiff alleged that Roberto Ortega, who was named as a defendant but who did not file a plea of privilege, while driving a truck belonging to Kimbell in a southerly direction on U. S. Highway 281 in Bexar County "adjacent to Plaintiff['s] . . . property known as 16196 Highway 281 South, San Antonio, Texas," negligently struck a vehicle owned by James Talley "and rammed the truck, a tractor trailer[,] into a fence owned by the Plaintiff, demolishing it, causing a great gap in the inclosure where Plaintiff's cattle were grazing." The petition contained the necessary allegations relating to proximate cause.

Plaintiff alleged that "as a result of the occurrence in question," he was required "to rebuild his fence for a considerable length and to reinforce the entire fence in that area." It was also necessary for him to employ workers to round up his cattle which were in the damaged enclosure and move such cattle elsewhere for grazing purposes. It was also necessary for plaintiff to purchase feed for the cattle and to "spend money cleaning up the grounds" because the truck was being used for the transportation of foodstuffs. In his controverting affidavit filed in answer to the plea of privilege, plaintiff asserted that venue is maintainable in Bexar County under Subdivision 14 because such subdivision "allows exceptions when *personal property* such as a fence involved in this accident in question was damaged as well as land damage, and is located in the county where suit has been filed." (Emphasis added.) The controverting affidavit incorporated in full all allegations embodied in plaintiff's petition and asserted that such allegations were true and correct.[1]

A fence may or may not be part of the realty. It may be that allegations of damage to a fence located on land which is used for the purpose of grazing cattle is sufficient to constitute an allegation of damage to a part of the realty to bring the case within Subdivision 14. But we need not decide this point. In his controverting affidavit plaintiff specifically describes the fence in question as "personal property." There are no allegations in the petition concerning damage to land once the allegation of damage to the fence is viewed, in view of the controverting affidavit, as an allegation of damage to personal property. An action to recover damages for injury to personal property located on land cannot be classified as a suit to recover for damages to land.

The trial court properly sustained the plea of privilege.

The judgment of the trial court is affirmed.

---

1. The controverting affidavit also invoked Subdivisions 9a and 10 of Article 1995, but in his brief filed in this Court plaintiff relies solely on Subdivision 14.