STEPHENS TRUCKING COMPANY,
Appellant,

v.

V. KEMP, Jr., Appellee.

No. 17917.

Court of Civil Appeals of Texas,
Fort Worth.

Dec. 29, 1977.

Cantey, Hanger, Gooch, Munn & Collins and Tolbert L. Greenwood, Fort Worth, for appellant.

Morrow & Tidwell and Jerry Tidwell, Weatherford, for appellee.

## OPINION

SPURLOCK, Justice.

This is a venue case. Plaintiff, V. Kemp, Jr., sued for damages allegedly sustained as a result of blasting operations conducted by defendant, Stephens Trucking Company, after defendant filed a plea of privilege to be sued in Young County, plaintiff filed a controverting affidavit wherein he sought to maintain venue in Parker County under the negligence exception; i. e., Subd. 9a of art. 1995.* After a non-jury hearing, the trial court overruled defendant's plea of privilege.

We REVERSE and ORDER that the case be transferred to Young County.

By its two points of error, defendant contends that the trial court erred in overruling its plea of privilege to be sued in the county of its residence, Young County.

In his first amended original petition, plaintiff contends that: "Defendant's negligent use of a quantity of explosive greater than a person of ordinary prudence in the exercise of ordinary care would have used under the same or similar circumstances was the direct and proximate cause . . " of his personal injuries sustained and damage to his property. Thus, from plaintiff's pleadings, it can be clearly seen that he is attempting to predicate liability upon a specific act of negligence.

In order to maintain venue in this case in Parker County under Subd. 9a of art. 1995,* plaintiff was required to establish by a preponderance of the evidence that (1) an act or omission of negligence occurred in Parker County, (2) that such act or omission was that of the defendant or its agent, servant or representative acting within the scope of his employment, and (3) that such negligence was a proximate cause of the injuries sustained. *Socony Mobil Co., Inc. v. Southwestern Bell Tel. Co.,* 518 S.W.2d 257 (Tex.Civ.App.-Corpus Christi 1974, no writ).

The law is settled that liability for damages caused by the use of explosives is dependent upon the existence of negligence in setting off the explosion. *Dellinger v. Skelly Oil Co.,* 236 S.W.2d 675, 677 (Tex.Civ. App.-Eastland 1951, writ ref'd n. r. e.). It is likewise settled in Texas that the doctrine of strict liability is inapplicable to blasting operations. *Klostermann v. Houston Geophysical Company,* 315 S.W.2d 664 (Tex.Civ. App.-San Antonio 1958, writ ref'd).

In *Dellinger, supra,* the court wrote: "We do not judicially know the details of blasting operations whether in connection with seismograph work or otherwise. A blast may be of such proportions and

---

* All statutory references are to Tex.Rev.Civ.Stat. Ann. art. 1995, Subd. 9a (1964).

consequences as to be of itself evidence of negligence. (Citing cases). We do not have such an explosion in this case. In order to prove negligence in such cases it is ordinarily necessary to show a standard of safety and a departure therefrom. (Citing cases)." *Id.* at 678.

 We have carefully examined the entire record in this case, and there is no evidence that indicates that the quantity of explosive utilized on the occasion in question was excessive or unreasonable or not within the customary and recommended standards. In fact, there is no evidence as to what constitutes the customary and recommended standards. Additionally, there is no evidence which connects the alleged damages to his property or his personal injuries with the blasting operations, nor any evidence of the details of the blasting operations, nor any evidence which indicates that the blasting operations were conducted in a negligent manner. Negligence in this case is not presumed from the mere occurrence in question. *Wells v. Texas Pac. Coal & Oil Co.,* 140 Tex. 2, 164 S.W.2d 660 (Tex.Comm'n.App.-1942, opinion adopted); *Mustang Aviation v. Ridgway,* 231 S.W.2d 677 (Tex.Civ.App.-Dallas 1950, writ ref'd).

In his brief, plaintiff contends that negligence was shown by the fact that the defendant's employee in charge of the blasting operations did not know the effects of the explosives used. In examining the employee's deposition that was admitted into evidence, we find that the three questions were: "Would it make any difference as to how-far-reaching the blast would be or anything as to the type of materials that you were blasting out? In other words, whether it was solid rock, bed rock or whether it was just dirt? How far the blast could be felt, the shock waves from it? The man answered, "I wouldn't have any—don't really know right now." The three questions that were asked together are ambiguous, and the employee's answer does not support plaintiff's far-reaching contention that defendant's employee did not know the effects of the explosives used so as to constitute negligence.

Even if plaintiff had shown that there was negligence, there is still no showing that such negligence was a proximate cause of the injuries sustained. It is well-known that it is not every act of negligence that is a proximate cause of an occurrence. *Cannady v. Dallas Ry. & Terminal Co.,* 219 S.W.2d 816 (Tex.Civ.App.-Fort Worth 1949, no writ).

We sustain defendant's two points of error and hold that the trial court erred in overruling defendant's plea of privilege. We REVERSE the trial court and ORDER that the case be transferred to Young County, the county of the defendant's residence.