Ike QUINN, Jr., Appellant,

v.

TEXAS POWER & LIGHT
COMPANY, Appellee.

No. 1250.

Court of Civil Appeals of Texas,
Tyler.

Jan. 10, 1980.

Forrest G. Braselton, Nacogdoches, for appellant.

Thad Floyd, Stripling & Sutton, Nacogdoches, for appellee.

### SUMMERS, Chief Justice.

This is an appeal from an order of the trial court sustaining the defendant's plea of privilege.

Plaintiff, Ike Quinn, Jr., initiated this suit in the District Court of Nacogdoches County, Texas, against defendant, Texas Power and Light Company, to recover the sum of $29,000.00 as damages to a frame house and its contents allegedly resulting from a fire caused by the negligence of the defendant, its agents, servants and employees. In particular, Mr. Quinn alleged that "the transformer transmitting the power to the house belonging to Ike Quinn was overloaded.— This [the fire] was created by an increase in the voltage and created by the acts and omissions on the part of Texas Power and Light Company and their agents, servants and employees."

Defendant filed its plea of privilege to be sued in Dallas County, Texas, the county of its residence, alleging that no exception to the general venue rule existed. Plaintiff filed his controverting plea seeking to maintain venue in Nacogdoches County under the provisions of Subdivisions 9, 9a, 23, 4 and 29a, Article 1995.[1] Following a nonjury hearing, the plea of privilege was sustained by the trial court, and plaintiff Quinn perfected this appeal.

We affirm.

The record before us is without findings of fact or conclusions of law. Under these circumstances, the well-settled rule is that the appellate court is required to affirm the judgment rendered by the trial court if it can be sustained on any reasonable theory authorized by law and supported by the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962); *Pinney v. Cook*, 558 S.W.2d 33, 39 (Tex.Civ.App.-Corpus Christi 1977, no writ); *Sanders v. Republic National Bank of Dallas*, 389 S.W.2d 551, 554 (Tex.Civ. App.-Tyler 1965, no writ).

In February of 1975, the plaintiff, Mr. Quinn, purchased the house in question and 9.3 acres of land for a total purchase price of $7,500.00; he attributed most of the purchase price to the land. The house was wood frame with 4 rooms; at the time of purchase it was 30 to 40 years old, had not been occupied for two years and had knob and tube wiring. Soon after his purchase, Mr. Quinn did some remodeling which included moving some existing partitions, adding a bathroom in the back porch area, and the addition of some electrical equipment to the existing wiring. The electrical work was done by the plaintiff's friend, a Mr. James Carter; he put in a new circuit breaker box, added a new circuit for a clothes dryer and a light with switch in the bathroom. The original wiring in the house was left unaltered.

On March 22, 1977, the house was destroyed and its contents were damaged by a

---

1. This and all other statutory references are to Vernon's Annotated Texas Civil Statutes unless otherwise noted.

fire occurring in Nacogdoches County. On February 17, 1978, the plaintiff Quinn filed this suit against defendant for damages to his house and contents resulting from such fire.

Appellant predicates his appeal on two points of error contending that the trial court erred in sustaining appellee's plea of privilege inasmuch as (1) a prima facie case of negligence was established by a preponderance of the evidence of a negligent act that occurred in Nacogdoches County, the county where this suit was filed; and (2) a defective instrumentality under the supervision, care and control of the appellee caused damages in Nacogdoches County, Texas, as established by a prima facie degree of negligence, proved by a preponderance of the evidence.

■ We regard that plaintiff's points of error are "no evidence points." Plaintiff does not seek a remand of the plea of privilege proceedings for a new trial but asks that the case be reversed and rendered holding that venue was properly laid in Nacogdoches County. *Pesek v. Murrel's Welding Works, Inc.*, 558 S.W.2d 39, 43 (Tex.Civ.App.-San Antonio 1977, writ dism'd). Plaintiff does not here assert that the trial court's order sustaining defendant's plea of privilege is against the great weight and preponderance of the evidence.

■ On appeal from an order sustaining the defendant's plea of privilege the appellate court should affirm the judgment of the trial court if there exists in the record evidence of probative value, sufficient to support the trial court's judgment. On the no evidence contention asserted in plaintiff's two points of error, the Court of Civil Appeals is required to follow the rule, which, in effect says: If, discarding all adverse evidence and giving credit to all the evidence that is favorable to the successful party, and indulging every reasonable conclusion that is favorable to him, a trier of facts might have found in his favor, then it is to be concluded that there is evidence to support the finding. This rule is applicable on appeal from orders sustaining or overruling a plea of privilege. *Banks v. Collins,*

152 Tex. 265, 257 S.W.2d 97, 100 (1953); *Nerio v. Tijerina,* 508 S.W.2d 672, 674 (Tex. Civ.App.-Corpus Christi 1974, writ dism'd).

■ In *Compton v. Elliott,* 126 Tex. 232, 88 S.W.2d 91 (1935), the Supreme Court of this State laid down the rule that the plaintiff must plead and prove the venue facts required by the applicable subdivision of Article 1995, supra, and further he must plead and prove such facts just as any other litigant, who, in a hearing or trial, had the burden of proving a fact. Venue must be proved by a preponderance of the evidence. *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97 (1953). Venue cannot be established by implication. *Burtis v. Butler Bros.,* 148 Tex. 543, 226 S.W.2d 825, 828 (1950).

■ Under the provisions of Subdivision 9a of Article 1995, the venue facts necessary for the plaintiff to establish by a preponderance of the evidence in order to sustain venue in the county other than the county of defendant's residence are: (1) that an act or omission of negligence occurred in the county where the suit was filed; (2) that such act or omission was that of the defendant, or his servant, agent or representative acting within the scope of his employment, and (3) that such negligence was a proximate cause of plaintiff's injuries. 1 McDonald, Texas Civil Practice, sec. 4.17.2 (1965).

■ As we view the record, the plaintiff has wholly failed under the applicable rules to prove by a preponderance of the evidence that the defendant committed any act of negligence in Nacogdoches County which was a proximate cause of the damage complained of by the plaintiff. Mr. Quinn contends that a defect in or failure of defendant's equipment caused the fire at plaintiff's house. Mr. Quinn testified that he had just come from the bathroom to the kitchen when his young son, Terry, followed him from the bathroom and said "look Daddy, smoke"; that as he took a step to reach and pull the switch, the breaker (fuse) box exploded; and that when he got back to the kitchen door fire shot from the receptacle at the plug-in and "fire just bursted out all

over the place." The only evidence other than his own offered by plaintiff in support of this contention, however, was the opinion testimony of a man, Mr. James Carter, who was not a licensed electrician but who said "I've had a lot of experience doing electrical work." He had done some work on the house two years prior to the fire and visited the premises several days after the fire and observed the house demolished and burned to cinders. Basing his opinion solely on what Mr. Quinn told him had happened, he testified that the indication to him was that there might have been a malfunction in the transformer that allowed the full voltage from the line to go to the house. He further stated "Well, that would be my, you know, speculations. And, not being able to take the transformer out and dismantle it and inspect it, well, there's no way I could prove what—." In answer to a hypothetical question by plaintiff's counsel assuming matters related to him by Mr. Quinn, Mr. Carter stated that in his opinion the indication would be "that there was a surge of electricity from the transformer." In another question by plaintiff's counsel, Mr. Carter was asked for an opinion based upon his observation of what was left of a fuse box (stated by plaintiff's counsel to be from Mr. Quinn's house); from his observation of the fuse, Mr. Carter said the indication to him would be "that it had an overload of electricity." Mr. Carter offered this testimony even though he was not present when the fire occurred and had never inspected any of defendant's equipment. At no time did the plaintiff offer any direct evidence that would even remotely indicate that defendant's equipment was in any way defective or had ever failed in any manner.

On the other hand, there was positive evidence which showed there was no such defect or failure. Several days after the fire, Mr. Quinn asked defendant's district representative, Mr. David Gresham, to come out to his property and hook up electricity to a camper trailer there. Mr. Gresham testified that at that time he made a complete inspection of the transformer and service line serving Mr. Quinn's property and found them to be in good working order; that he found no evidence to indicate that there had been any problems with the transformer or service line; that if a transformer like the one in question ever malfunctioned, it would merely go dead and no longer carry electricity to the house. Mr. Gresham also stated that at no time did defendant ever remove or replace any of the equipment which served plaintiff's property and that he used the same transformer and service line to hook up service to Mr. Quinn's camper-trailer and subsequently to Mr. Quinn's new house. Mr. Quinn did not meet his burden under Subdivision 9a of Article 1995. There was no showing of any negligence on the part of defendant in connection with the fire and likewise no showing of any causal connection whatsoever between defendant and the alleged fire at Mr. Quinn's house. The law is well settled in Texas that the occurrence of an accident is not evidence of negligence. *Rankin v. Nash-Texas Co.*, 129 Tex. 396, 105 S.W.2d 195, 199 (1937); *Pinney v. Cook*, 534 S.W.2d 415, 418 (Tex.Civ.App.-Tyler 1976, no writ); *Calhoun v. Padgett*, 409 S.W.2d 890, 893 (Tex.Civ.App.-Tyler 1966, no writ); *Reynolds & Huff v. White*, 378 S.W.2d 923, 929 (Tex.Civ.App.-Tyler 1964, no writ).

■ Plaintiff also contends that venue can be maintained in Nacogdoches County under Subdivision 23 of Article 1995, which provides that suit against a corporation may be brought (1) in the county where the cause of action or part thereof arose, or (2) in the county in which the plaintiff resided at the time the cause of action or part thereof arose if the corporation has an agency or representative in such county. Under either part of this subdivision, a plaintiff must establish by a preponderance of the evidence all elements of a cause of action against the corporate defendant whose plea of privilege is being contested. *Kimbell, Inc. v. Blount*, 562 S.W.2d 10, 12 (Tex.Civ.App.-Austin 1978, no writ); 1 McDonald, Texas Civil Practice, secs. 4.30.2 and 4.30.3 (1965).

■ A "cause of action" is established by facts which show: (1) plaintiff's primary

right and (2) defendant's act or omission which violates the right. *Socony Mobil Co. Inc. v. Southwestern Bell Telephone Co.,* 518 S.W.2d 257, 267 (Tex.Civ.App.-Corpus Christi 1974, no writ); 1 McDonald, Texas Civil Practice, sec. 4.30.2 (1965). In the instant case, Mr. Quinn failed to show any primary right in himself which was violated by an act or omission on the part of defendant, and therefore, failed to prove a "cause of action" as required by Subdivision 23 of Article 1995.

In the latter part of his brief, plaintiff cites several cases involving Subdivision 14 of Article 1995, the venue exception dealing with suits for recovery of damages to land. Defendant contends that Mr. Quinn has no right to include Subdivision 14 in this appeal; that venue cannot be retained under an exception not invoked or upon venue facts not alleged as such in the plaintiff's controverting plea, citing *Victoria Bank & Trust Company v. Montieth,* 138 Tex. 216, 158 S.W.2d 63, 66 (1941, jdgmt. adopted) and *Mason v. Allstate Insurance Company,* 440 S.W.2d 404, 405 (Tex.Civ. App.-Beaumont 1969, no writ). Although the law does not require that plaintiff name the section of the venue statute upon which he is relying, it does require that his pleadings specifically allege facts making out a cause of action under that subdivision. *Boyd v. Thompson-Hayward Chemical Company,* 450 S.W.2d 937, 942 (Tex.Civ.App.-Tyler 1970, writ dism'd); 1 McDonald, Texas Civil Practice, sec. 4.49 (1965).

In the instant case, the plaintiff made no reference whatsoever to Subdivision 14 in his controverting plea, nor did he allege any venue facts in such plea. Furthermore, defendant contends that plaintiff did not make any argument or refer to said subdivision in his presentation before the trial court. Even though Mr. Quinn's original petition was incorporated into his controverting plea by reference, said original petition did not allege any facts which would set forth a cause of action under Subdivision 14. To hold venue under Subdivision 14, plaintiff is required to establish two venue facts: (1) the nature of the suit,

that is, was it for the recovery of damages to land, and (2) that the land is in the county in which the suit was brought. 1 McDonald, Texas Civil Practice, secs. 4.22.1, 4.22.2, 4.22.4 (1965). Said petition did not allege damages to any lands; it did not allege that the house and contents involved in the fire was a part of any lands owned by the plaintiff, nor did the petition describe any land in any way. We consider therefore that plaintiff has waived any right to rely upon Subdivision 14 for the first time on this appeal.

If plaintiff has not waived Subdivision 14, he has failed to establish a suit for the recovery of damages to land so as to fall within the exception of said subdivision. Whether plaintiff's suit is for the recovery of damages to land is a question of law to be determined by the court from the allegations in plaintiff's petition. *King v. Pittsburgh Des Moines Steel Company,* 389 S.W.2d 99 (Tex.Civ.App.-Eastland 1965, no writ); 1 McDonald, Texas Civil Practice, sec. 4.22.4, p. 494 (1965); *Albert v. Kimbell, Inc.,* 544 S.W.2d 805, 806 (Tex.Civ.App.-San Antonio 1976, no writ); *Kendall Corp. v. Ruthstrom,* 467 S.W.2d 491, 493 (Tex.Civ. App.-Beaumont, no writ). Plaintiff's petition alleged only a suit for damages to his frame house and its contents. And, under the law applied in this State, where there are allegations of damages to personal property but no allegations that such personal property is a part of the plaintiff's land, then the pleadings are insufficient to raise the Subdivision 14 exception. *King v. Pittsburgh Des Moines Steel Co.,* supra; *Stanolind Oil & Gas Co. v. Smith,* 290 S.W.2d 696, 698 (Tex.Civ.App.-Beaumont 1956, no writ). We hold that plaintiff failed to establish venue under Subdivision 14 of Article 1995.

Although plaintiff enumerated Subdivisions 9, 4 and 29a of Article 1995 by number in his controverting plea, no arguments are made or authorities cited in plaintiff's brief regarding such subdivisions. Not being briefed by plaintiff, we consider that he has waived such subdivisions. Furthermore, plaintiff made no allegations of a crime or

trespass under Subdivision 9 and at the hearing before the trial court expressly denied any such claims. Subdivisions 4 and 29a each deal with suits involving multiple defendants and, therefore, are not applicable in the instant case where there is only one defendant.

We accordingly overrule plaintiff's points of error 1 and 2 and affirm the judgment of the trial court.

McKAY, J., not sitting.