**Juanita Z. HALL and Jerry H. Hall**

v.

**AMOCO OIL COMPANY.**

**Civ. A. No. G-83-275.**

United States District Court,
S.D. Texas,
Galveston Division.

Sept. 6, 1984.

**112**

Arthur Sadin, Schechter, Eisenman & Solar, Galveston, Tex., for plaintiffs.

Ervin A. Apffel, Jr., McLeod, Alexander, Powel & Apffel, Galveston, Tex., for defendant.

## AMENDED MEMORANDUM AND ORDER

HUGH GIBSON, District Judge.

Before the Court is plaintiffs' motion for leave to amend their complaint. Plaintiffs seek to include in their complaint a cause of action based on ultra-hazardous activity, nuisance, trespass; and a claim for punitive damages.

Plaintiffs, Juanita Hall and Jerry Hall, sue defendant Amoco Oil Company, a Maryland corporation, for personal injury and property damage as a result of an explosion which occurred on or about November 5, 1982, at an Amoco refinery in Texas City. Jurisdiction is based on diversity of citizenship, and therefore, Texas tort law will apply.

In order to consider plaintiffs' motion to amend their complaint, the Court must determine whether plaintiffs' allegations support a cause of action based on trespass, nuisance, ultrahazardous activity, or gross negligence for the purpose of claiming punitive damages.

## I.  TRESPASS

Plaintiffs alleged that a cause of action for trespass exists by means of the concussion and gases that entered their home. This Court finds no basis for such claim. In explosion and blasting cases, with regard to all other damages except those cause by actual physical trespass, the Courts of Texas are committed to the rule that liability must be predicated upon negligence. *Hood v. Laning* 415 S.W.2d 953 (Tex.Civ.App.—San Antonio 1967), *no writ, citing Turner v. Big Lake Oil Co.*, 128

Tex. 155, 96 S.W.2d 221 (1936); *Klostermann v. Houston Geophysical Co.*, Tex. Civ.App., 315 S.W.2d 664, (1958) *writ ref'd; Standolind Oil & Gas Co. v. Lambert*, Tex.Civ.App., 222 S.W.2d 125 (1949), *no writ.*

## II.  ULTRAHAZARDOUS ACTIVITY

Strict liability can be imposed upon one who carries on an abnormally dangerous activity although he has exercised the utmost care to prevent harm. RESTATEMENT (second) OF TORTS § 519 (1977). This rule of strict liability, first announced in the English case of *Rylands v. Fletcher*[*], has been rejected in Texas. *Turner v. Big Lake Oil Co., supra.* Where the activity involves the use and storage of explosives, liability must be predicated on negligence. *Dellinger v. Skelly Oil Co.*, 236 S.W.2d 675 (Tex.Civ.App.—Eastland 1951), *writ ref'd n.r.e.; Stephens Trucking Co. v. Kemp*, 560 S.W.2d 523 (Tex.Civ.App.—Ft. Worth 1977), *no writ;* 25 TEX.JUR.2d 69 (1961 & Supp.1983).

Determining whether an activity is abnormally dangerous is a function of the court, based on the following factors:

1) the degree of risk, and the likelihood of harm;

2) the inability to eliminate the risk by exercising reasonable care;

3) the extent to which the activity is not a matter of common usage;

4) the inappropriateness of the activity to the place where it is carried out; and

5) the value of the activity to the community compared to its dangerous attributes.

RESTATEMENT (Second) OF TORTS § 520 and Comment 1 (1977).

Having considered these factors, the Court concludes that the operation of an oil refinery in an industrial community such as Texas City does not constitute an ultrahazardous activity.

[*] L.R. 3 H.L. 330 (1868)

## III. NUISANCE

■ Strict liability based on ultrahazardous activity is also frequently applied by courts under the name of "absolute nuisance", or "nuisance per se". RESTATEMENT (Second) OF TORTS, § 520, comment C; PROSSER, LAW OF TORTS, 4th Ed. (1971) at 582. The operation of oil refineries in Texas does not constitute a nuisance per se. 41 TEX.JUR.2d 604 (1963 & Supp.1983), *citing McDonald v. Home Oil Corporation*, 241 S.W. 274 (Tex.Civ. App.—San Antonio, 1922), *no writ*. Therefore, plaintiffs' sole basis for their claim must be negligence. Similarly, in *Stanolind Oil & Gas Company v. Smith*, 290 S.W.2d 696 (Tex.Civ.App.—Beaumont 1956), *no writ*, the Court uses the following language:

> " '... [W]here the act or condition in question can become a nuisance only by reason of the negligent manner in which it is performed or permitted, no right of recovery is shown independently of the existence of negligence.' "

*Stanolind Oil & Gas Co., Id.* at 699, quoting *Columbian Carbon Co. v. Tholen*, 199 S.W.2d 825, 828 (Tex.Civ.App.—Galveston 1947), *writ ref'd*.

## IV. PUNITIVE DAMAGES

■ Although plaintiffs have not advanced any basis for their added theories of liability, they are not precluded from proving punitive damages based on gross negligence.

Accordingly, it is ORDERED that:

1) Plaintiffs' motion for leave to amend their complaint is GRANTED only as to their claim for punitive damages; and

2) Plaintiffs' claims based on trespass, nuisance, and ultrahazardous activity be stricken from the amended complaint.